UNITED STATES *v.* HOLLYWOOD MOTOR CAR CO., INC., ET AL.

No. 81–1144. Decided June 28, 1982

PER CURIAM.

Respondents, originally indicted in the Eastern District of Kentucky on two counts for violations of 18 U. S. C. §§ 371

and 545, succeeded in obtaining a change of venue to the Central District of California. In the latter District, the Government secured a superseding indictment charging four new substantive counts of making false statements to customs officers in violation of 18 U. S. C. § 542, in addition to the two original counts. The Government then obtained a voluntary dismissal of the original conspiracy count and two of the false-statement counts. Respondents moved to dismiss the remaining counts on the ground that the superseding indictment manifested prosecutorial vindictiveness and therefore ran afoul of the rule announced in *Blackledge* v. *Perry*, 417 U. S. 21 (1974). The District Court denied respondents' motion, but stayed the commencement of trial to permit an appeal. The Court of Appeals for the Ninth Circuit held "that the denial of a motion to dismiss based on the ground of vindictive prosecution is immediately appealable as a final decision under 28 U. S. C. § 1291." 646 F. 2d 384, 386 (1981).[1] In reaching this holding the Court of Appeals relied on its prior decisions in *United States* v. *Burt*, 619 F. 2d 831 (1980), and *United States* v. *Griffin*, 617 F. 2d 1342, cert. denied, 449 U. S. 863 (1980). Reaching the merits, the court held that respondents had established a case of prosecutorial vindictiveness requiring dismissal of the superseding indictment. The United States then sought review in this Court.

We do not reach the question of prosecutorial vindictiveness, for we hold that the Court of Appeals was without jurisdiction under 28 U. S. C. § 1291 to review the District Court's interlocutory order refusing to dismiss the indictment. Congress has limited the jurisdiction of the Courts of Appeals to "final decisions of the district courts."

---

[1] The rule in the Ninth Circuit directly conflicts with that adopted by the Courts of Appeals for the District of Columbia and Fifth Circuits. Those courts have held that claims of prosecutorial vindictiveness may not be aired in interlocutory appeals. *United States* v. *Brizendine*, 212 U. S. App. D. C. 169, 659 F. 2d 215 (1981); *United States* v. *Gregory*, 656 F. 2d 1132 (CA5 1981).

28 U. S. C. § 1291. This Court has long held that the policy of Congress embodied in this statute is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation, and that this policy is at its strongest in the field of criminal law:

> "The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment. . . . This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases. See *Cobbledick* v. *United States*, 309 U. S. 323, 324–326." *DiBella* v. *United States*, 369 U. S. 121, 124 (1962).

This Court has interpreted the jurisdictional statute to permit departures from the rule of finality in only a limited category of cases falling within the "collateral order" exception delineated in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 545–547 (1949). Such orders "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand* v. *Livesay*, 437 U. S. 463, 468 (1978). In criminal cases, we have adhered to the collateral order exception to the rule of finality on three occasions: present in each of these cases were factors noticeably lacking in the instant appeal.

In *Stack* v. *Boyle*, 342 U. S. 1 (1951), the Court held that an order denying a motion to reduce bail could be reviewed before trial. Writing separately, Justice Jackson (the author of *Cohen*) recognized that "an order fixing bail can be reviewed without halting the main trial—its issues are entirely independent of the issues to be tried—and unless it can be reviewed before sentence, it never can be reviewed at all."

342 U. S., at 12.   In *Abney* v. *United States*, 431 U. S. 651 (1977), we permitted interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds.   Perhaps most important among the relevant factors, we recognized that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." *Id.*, at 660.   One right guaranteed by the Double Jeopardy Clause was the right not to be tried twice for the same offense.   "[I]f a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Id.*, at 662 (emphasis in original).   Finally, in *Helstoski* v. *Meanor*, 442 U. S. 500 (1979), we held that a United States Congressman could have taken an interlocutory appeal in a criminal case to assert the immunity conferred upon him by the Speech or Debate Clause of the Constitution.   Crucial to the holding was our view that the Speech or Debate Clause protected Congressmen "'not only from the consequences of litigation's results but also from the burden of defending themselves.'"   *Id.*, at 508, quoting *Dombrowski* v. *Eastland*, 387 U. S. 82, 85 (1967).   The right protected by the Clause would have been lost if the appeal had been postponed.

Each of these cases, in addition to satisfying the other requirements of *Cohen,* involved "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial."   *United States* v. *MacDonald*, 435 U. S. 850, 860 (1978).   Our holding in *United States* v. *MacDonald* underscores the significance of this feature.   The issue in *MacDonald* was whether a defendant could appeal, prior to trial, a District Court's order denying his motion to dismiss the indictment because of an alleged violation of his

Sixth Amendment right to a speedy trial. In concluding that such an appeal was not authorized by 28 U. S. C. § 1291, we noted:

> "There perhaps is some superficial attraction in the argument that the right to a speedy trial . . . must be vindicated before trial in order to insure that no nonspeedy trial is ever held. Both doctrinally and pragmatically, however, this argument fails. Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial. . . . Proceeding with the trial does not cause or compound the deprivation already suffered." *Id.*, at 860–861.

Respondents assert that their claim of prosecutorial vindictiveness, based on the modification of the original indictment in retaliation for their exercise of a right to move for change of venue, is analogous to the three instances in which we have allowed appeal in criminal cases under the collateral order doctrine. But we think that their claim is more analogous to the speedy trial claim which we held unreviewable under the collateral order doctrine in *United States* v. *MacDonald, supra.* We think that it particularly fails the third part of the test for *Cohen* appeals articulated in *Coopers & Lybrand, supra,* that the claim "be effectively unreviewable on appeal from a final judgment."

*Blackledge* v. *Perry,* 417 U. S. 21 (1974), on which respondents base the merits of their claim of vindictive prosecution, was an application of the principles announced in *North Carolina* v. *Pearce,* 395 U. S. 711 (1969), to conduct on the part of a prosecutor. In *Perry* the defendant had been

convicted in a state court of limited jurisdiction, and had exercised his statutory right to a *de novo* appeal to the state court of general jurisdiction. Prior to the commencement of the latter trial, the prosecutor obtained an indictment charging the defendant with crimes more severe than those for which he was initially convicted. Because the facts suggested "a realistic likelihood of 'vindictiveness,'" 417 U. S., at 27, we deemed it necessary to apply the "prophylactic rule of *Pearce*," *id.*, at 26, in order to discourage retaliation by the State for the defendant's exercise of his procedural right.

Although there is language in the *Perry* opinion suggesting that the defendant possessed a "right not to be haled into court at all" upon the more serious charge, *id.*, at 30, it is clear that the Court was not using this language to indicate that he was entitled to be free of any retrial whatever. We stated in *Perry* that "[w]hile the Due Process Clause of the Fourteenth Amendment bars trial of Perry on the felony assault charges in the Superior Court, North Carolina is wholly free to conduct a trial *de novo* in the Superior Court on the original misdemeanor assault charge." *Id.*, at 31, n. 8. The defendant in *Perry* was fully protected by post-conviction relief, leading to a new trial free of the taint of vindictiveness.

Obviously, it is wholly desirable to correct prior to trial any substantive errors noticed at that time. It is equally evident that when relief must await postconviction proceedings, the defendant is subjected to the burden of defending himself at trial, even though the presence of errors might require reversal of his conviction and possibly a second trial. Nevertheless, reversal of the conviction and, where the Double Jeopardy Clause does not dictate otherwise, the provision of a new trial free of prejudicial error normally are adequate means of vindicating the constitutional rights of the accused.[2]

---

[2] Noting that "encouragement of delay is fatal to the vindication of the criminal law," this Court has observed that "[b]earing the discomfiture and

As we noted in *United States* v. *MacDonald*, 435 U. S., at 860, n. 7:

> "Admittedly, there is value—to all but the most unusual litigant—in triumphing before trial, rather than after it, regardless of the substance of the winning claim. But this truism is not to be confused with the quite distinct proposition that certain claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial."

Even when the vindication of the defendant's rights requires dismissal of charges altogether, the conditions justifying an interlocutory appeal are not necessarily satisfied. In *MacDonald*, for example, we declined to permit a defendant whose speedy trial motion had been denied before trial to obtain interlocutory appellate review, despite our recognition that "an accused who does successfully establish a speedy trial claim before trial will not be tried." *Id.*, at 861, n. 8. The nature of the speedy trial right was such that "[p]roceeding with the trial does not cause or compound the deprivation already suffered." *Id.*, at 861. This holding reflects the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges. See *id.*, at 860, n. 7. The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not.

---

cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Cobbledick* v. *United States*, 309 U. S. 323, 325 (1940). Thus, in the run of cases, "[t]he correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal." *Id.*, at 325–326. This limitation imposed by Congress must be observed even when the defendant's claim is considered meritorious. See *United States* v. *MacDonald*, 435 U. S. 850, 857–858, n. 6 (1978).

The right asserted by respondents is simply not one that must be upheld prior to trial if it is to be enjoyed at all.[3] As noted in *MacDonald, supra,* there is a superficial plausibility to the contention that any claim, particularly a constitutional claim, that would be dispositive of the entire case if decided favorably to a criminal defendant, should be decided as quickly as possible in the course of the litigation. But if such a principle were to be applied, questions as to the constitutionality of the statutes authorizing the prosecution and doubtless numerous other questions would fall under such a definition, and the policy against piecemeal appeals in criminal cases would be swallowed by ever-multiplying exceptions. It is only a narrow group of claims which meet the test of being "effectively unreviewable on appeal from a final judgment," and the claim of prosecutorial vindictiveness is, we hold, not one of them.

The petition for certiorari is granted, and the judgment of the Court of Appeals for the Ninth Circuit is reversed, with instructions to that court to dismiss the appeal.

*It is so ordered.*

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Today, the Court carries its recent penchant for summary decision to a new extreme. The substantial and controversial question raised here—whether an order denying a motion

---

[3] By holding that the right asserted by respondents is not one that "will have been lost, probably irreparably," *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541, 546 (1949), if appeal is postponed until the rendition of judgment, we imply no view on the merit of respondents' claim or on the more general question whether the Due Process Clause is violated by the addition of charges prior to trial. We merely hold that denial of a motion to dismiss an indictment when the motion is premised on a claim of prosecutorial vindictiveness is not a collateral order that can be appealed prior to judgment under § 1291.

to dismiss based on prosecutorial vindictiveness is appealable before trial—does not, in my view, lend itself to summary treatment. Nevertheless, the Court has decided this important question of appellate jurisdiction without briefing or argument, even though it was not briefed or argued before the District Court or the Court of Appeals and was not the subject of any lower court opinion. I dissent.

## I

The Court, it seems to me, has shown a disturbing tendency of late to dispose of difficult cases by summary *per curiam* reversals. I must assume that this tendency is prompted, at least in part, by the growing pressures of the Court's calendar and an ill-conceived conviction that we must stay abreast of the increasing workload whatever the costs may be. I regret this pattern, for I think it demeans the Court and its work and surely tends to lessen the quality of its legal product.

Summary action is particularly unfortunate in this case, for the Court directs that respondents' appeal be dismissed on an issue that was not raised by the Government until its petition for rehearing in the Court of Appeals. Indeed, for more than a year—until the Court of Appeals ruled on the merits in favor of respondents—the Government affirmatively represented to that court that it "ha[d] jurisdiction to review prior to trial a District Court's denial of a defendant's motion to dismiss for vindictive prosecution." United States' Emergency Motion for Summary Affirmance of District Court, reprinted in App. to Brief in Opposition 5a. As a result, the jurisdictional question was not briefed or argued before the Court of Appeals or the District Court.

Respondents' opposition to the Government's petition for certiorari understandably focuses on arguments for denying certiorari—in particular, the Government's failure to raise the jurisdictional issue in a more timely fashion. Coupled

with the Government's litigation strategy, the Court's summary disposition therefore deprives respondents of their "day in court" in a singularly inappropriate manner.

## II

Additionally, I do not find today's ruling so clearly compelled as to warrant summary treatment, especially when the Solicitor General, contrary to his frequent practice, has not suggested summary reversal in his petition for certiorari. In my view, the issue is important enough to be briefed and argued fully in at least one court.

Certainly, the Court's disposition is not mandated by our precedents. As the Court explains, *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949), and *Abney* v. *United States*, 431 U. S. 651 (1977), interpret 28 U. S. C. § 1291 as authorizing interlocutory appeals when a three-part standard has been met. The Court fails, however, to mention the first two requirements, presumably because they are satisfied here: that the denial of a defendant's motion to dismiss an indictment on vindictive prosecution grounds "constitute[s] a complete, formal, and, in the trial court, final rejection of a criminal defendant's [vindictive prosecution] claim," 431 U. S., at 659, and that it resolves an issue that is "collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i. e.*, whether or not the accused is guilty of the offense charged," *ibid.* Unlike the speedy trial claim before the Court in *United States* v. *MacDonald*, 435 U. S. 850 (1978), which depended on an assessment of the extent to which delay had prejudiced the defense—an assessment that could only be "speculative" prior to trial, *id.*, at 858—an allegation that the prosecutor impermissibly increased the charges in response to the defendant's exercise of a legal right may be evaluated before trial, for all the facts relevant to such a claim are fully available.

The Court properly suggests that the third requirement set out in *Cohen* and *Abney* is the most difficult to apply in

this context. See *ante*, at 267. But, unlike the Court, I find force in respondents' contention that the right they seek to vindicate, in contrast to the right at issue in *MacDonald,* is "a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." 435 U. S., at 861. In *MacDonald,* it was "the delay before trial, not the trial itself, that offend[ed] against the constitutional guarantee of a speedy trial." *Ibid.* When the defendant has been the victim of vindictive prosecution, however, the Court has said that he may "not to be haled into court *at all* upon the [increased] charge." *Blackledge* v. *Perry,* 417 U. S. 21, 30 (1974) (emphasis added). And we have analogized that right to the right protected by the Double Jeopardy Clause, see *id.,* at 31, which must, of course, be vindicated prior to trial if it is to be protected at all.[1]

Moreover, postconviction review may not suffice to remedy the chilling effect the vindictive prosecution doctrine is designed to prevent. The Court repeatedly has declined to hold that the Due Process Clause forbids only prosecutorial action taken with an actual retaliatory motive. Rather, it has emphasized that "'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of [his] right[s] . . . , due process also requires that a defendant be freed of *apprehension* of such a retaliatory motivation . . . .'"

---

[1] See *Abney* v. *United States,* 431 U. S. 651, 659 (1977) (noting that the defendant in *Blackledge* v. *Perry* was "contesting the very authority of the Government to hale him into court to face trial on the charge against him"); *Blackledge* v. *Perry,* 417 U. S., at 30–31 (observing that the defendant's vindictive prosecution claim "went to the very power of the State to bring the defendant into court to answer the charge brought against him"; that, when the prosecutor acts vindictively in enhancing charges, the State is "simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge . . ."; that "[t]he very initiation of the proceedings against [a defendant subjected to vindictive prosecution] operated to deny him due process of law"; and that "North Carolina simply could not permissibly require Perry to answer to the felony charge").

*Id.,* at 28 (emphasis added), quoting *North Carolina* v. *Pearce,* 395 U. S. 711, 725 (1969); see also *United States* v. *Goodwin,* 457 U. S. 368, 375–376 (1982). Even if a defendant is convinced that his vindictive prosecution claim ultimately will prevail on postconviction review, the increased burdens attending a trial on enhanced charges may deter him from exercising his legal rights. This may well not be a case, then, where "reversal of the conviction and . . . a new trial free of prejudicial error" are "adequate means of vindicating the constitutional rights of the accused." *Ante,* at 268.

In addition to extending our precedents, the Court goes well beyond the rulings of the two Courts of Appeals it characterizes as "directly conflict[ing]" with the decision below. *Ante,* at 264, n. 1. In *United States* v. *Brizendine,* 212 U. S. App. D. C. 169, 180, 659 F. 2d 215, 226 (1981), the United States Court of Appeals for the District of Columbia Circuit refused to permit interlocutory appeals involving "claims of due process violations arising from the plea bargaining process." That court, however, expressly refused to consider the appealability of the denial of a motion *to* dismiss "in the *Blackledge* situation . . . ," where the defendant's claim "turned on a purely legal issue . . ." and challenged increased charges filed in response to his exercise of a legal right. *Id.,* at 175, 659 F. 2d, at 221. Similarly, in *United States* v. *Gregory,* 656 F. 2d 1132, 1136 (1981), the United States Court of Appeals for the Fifth Circuit did not foreclose the possibility that some claims of prosecutorial vindictiveness could be the subject of interlocutory appeal.[2]

---

[2] Other Courts of Appeals have not restricted interlocutory appeals to the three instances in which this Court has applied the collateral-order doctrine in criminal cases, see *ante,* at 265–266. See *United States* v. *Venable,* 585 F. 2d 71, 74–75 (CA3 1978) (denial of motion to bar retrial on collateral estoppel grounds is immediately appealable); *United States* v. *Alessi,* 536 F. 2d 978, 980–981 (CA2 1976) (denial of motion to dismiss indictment that allegedly violated prior plea bargain may be the subject of an interlocutory appeal).

I cannot conclude that the Court's ruling is compelled by our prior cases or is even consistent with the clear weight of authority in the Courts of Appeals. I would grant the petition for certiorari and set the case for oral argument.