UNITED STATES of America,
Plaintiff-Appellee,

v.

James BARRON, Defendant-Appellant.

No. 82–2573.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 11, 1983.

Decided March 29, 1983.

Robert W. Hammerle, Indianapolis, Ind., for defendant-appellant.

Sarah Evans Barker, U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

The appellant, who is the defendant in a pending criminal case, seeks to appeal from an order refusing to disqualify the U.S. Attorney's office that is handling the case. The defendant moved for disqualification on the ground that the U.S. Attorney (who has recused herself from the case) formerly represented him and that her conflict of interest taints the whole office.

The first and last question we consider is whether the order is appealable. *Firestone*

*Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), held that orders refusing to disqualify counsel are not appealable, but it was a civil case and the Court expressly reserved the question whether the same result would be reached in a criminal case. *Id.* at 372 n. 8, 101 S.Ct. at 672 n. 8. This to our knowledge is the first case to raise the question since *Firestone* was decided. *United States v. Greger,* 657 F.2d 1109, 1112 (9th Cir. 1981), holds that an order disqualifying the criminal defendant's own counsel is not appealable, but there is contrary precedent, see, e.g., *United States v. Curcio,* 694 F.2d 14, 19–20 (2d Cir.1982) (Friendly, J.), and our circuit has held recently that an order disqualifying counsel in a civil case is appealable, *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 717–20 (7th Cir.1982).

Despite the reservation of the issue in *Firestone,* we cannot find any basis for treating orders refusing to disqualify opposing counsel differently in civil and criminal cases, at least where as in this case the movant is the defendant. If anything, the policy against piecemeal appeal is stronger in the criminal than in the civil setting, see *United States v. Hollywood Motor Car Co.,* —— U.S. ——, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982), and the ability of the party who sought disqualification to get effective appellate review of the denial of his motion on appeal from the final judgment is as great, where as here that party is the defendant. A slightly different question, one we need not decide today, would be presented if the movant were the prosecutor rather than the defendant, since a prosecutor has no right of appeal from a judgment of acquittal. But we are confident that an order denying a defendant's motion to disqualify opposing counsel is not appealable in criminal any more than in civil cases, and therefore the appeal in this case is

DISMISSED.