767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PETITIONER,
v.
MIGUEL CARRANZA-BAEZ, RESPONDENT.
 NO. 83-3549
 United States Court of Appeals, Sixth Circuit.
 6/21/85
 
 S.D.Ohio
 APPEAL DENIED
 ORDER
 BEFORE: JONES and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 In United States v. McLernon, 746 F.2d 1098, 1121-22 (6th Cir. 1984), this Court considered Carranza's contention that his indictment should be dismissed pursuant to United States v. Valenzuela-Bernal, 458 U.S. 858 (1982), because the Government facilitated the departure from this country of one of his witnesses (Gonzales) in violation of Carranza's Fifth and Sixth Amendment rights. Because the record was incomplete, we remanded the matter to the district court for a hearing pursuant to Valenzuela-Bernal on (1) whether Gonzales's testimony would have been 'both material and favorable' to Carranza; and (2) whether Carranza had a sufficient opportunity to interview Gonzales before his prompt departure. Id. at 1122. Then, this Court set forth several conclusions regarding possible findings.
 
 
 2
 Should the district court find that the government deprived Carranza of an opportunity to interview a favorable and material witness, dismissal of the indictment would be warranted. If, after a hearing the district court finds that the government did not so deprive Carranza, then the sanction of dismissal would not be appropriate. Because we also find error in the district court's failure to provide a voluntariness instruction . . . Carranza would still be entitled to a new trial.
 
 
 3
 Id. On remand, the district court conducted a Valenzuela-Bernal hearing and concluded that Carranza's indictment should not be dismissed. Carranza appeals and now moves this Court for an order dismissing the indictment and rendering judgment for himself.
 
 
 4
 The Government argues that Carranza's appeal is premature. The Government relies upon Flanagan v. United States, ---- U.S. ----, 104 S. Ct. 1051, 1054-55 (1984); United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982); John Doe Corporation v. United States, 714 F.2d 604, 606 (6th Cir. 1983) (per curiam). In opposition, Carranza contends that the Government's position is erroneous for essentially three reasons. First, he is entitled to seek an order compelling the district court's compliance with the law of this case. Second, the district court has not put into effect our decision in McLernon. Third, this case satisfies the 'collateral order' exception to interlocutory appeals as outlined in Flanagan and Hollywood Motor Car Company.
 
 
 5
 The Government's conclusion is correct. We ordered the district court to conduct a Valenzuela-Bernal hearing, and, thereafter, to make a disposition according to the legal conclusions we set forth. The district court complied by conducting the hearing and making dispositive legal conclusions. Carranza disagrees with the district court's dispositive conclusion.
 
 
 6
 The 'collateral order' exception recognizes that only a limited category of cases may be reviewed by an appellate court when there has been no final judgment rendered by the district court. In such cases, the order appealed from 'must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.' Hollywood Motor Car Co., 458 U.S. at 263. Although the district court's order in the instant case conclusively determines whether the Government deprived Carranza of an opportunity to interview a material and favorable witness, that order neither resolves important issues that are completely separate from the merits of the action nor effectively escapes appellate review after entry of a final judgment. As a result, Carranza's appeal is an interlocutory appeal for which there is no immediate appellate review.
 
 
 7
 Accordingly, it is ORDERED that appellant's appeal is denied.