780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LEE WILLIAMS SACHS, Defendant-Appellant.
 85-1729
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN, JONES and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration ofdefendant-appellant's motion to release pending appeal; appellee's response thereto; and appellant's second motion for expedited post conviction release, which is identical to this motion to release pending appeal.
 
 
 2
 The record shows that on September 9, 1985, defendant was found guilty, following a jury trial, on Count I of a four-count indictment charging defendant with violations of 18 U.S.C. Sec. 371; 18 U.S.C. Sec. 2; and 17 U.S.C. Secs. 106 and 506. On September 10, 1985, while the jury was still deliberating, the government filed a motion for detention pending sentence which was granted by the district court after the jury returned a guilty verdict on the remaining counts. On September 12, 1985, prior to the imposition of sentence and entry of a judgment of conviction by the court, defendant filed a notice of appeal from the jury verdict, and a motion to release pending appeal, which was denied by the district court on September 20, 1985.
 
 
 3
 The Court sua sponte raised the issue of whether there is jurisdiction to hear this appeal. It is clear that a jury verdict is not a 'final decision', within the meaning of 28 U.S.C. Sec. 1291, which would confer jurisdiction on this Court to entertain this appeal. Further, this is not one of those criminal cases where interlocutory appeals are allowed under certain circumstances where a three-part test is met (as announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949)). See Abney v. United States, 431 U.S. 651 (1977); also see United States v. Hollywood Motor Car Co., Inc., 458 U.S. 263 (1982). Therefore, because there has been no final order entered in this case this Court is without jurisdiction to entertain this appeal.
 
 
 4
 Because the Court is without jurisdiction, there is no appeal pending pursuant to which the motion to release could be entertained. Therefore, the motion to release is denied.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed.