826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carolyn STROUSE, Defendant-Appellant.
 No. 86-3967.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1987.
 
 Before CORNELIA G. KENNEDY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Carolyn Strouse ("appellant") was charged with violation of various criminal statutes primarily relating to the making of false statements to federally insured banks and federal agencies for the purpose of obtaining loans. Appellant appeals a pretrial order prohibiting her counsel from disclosing to her information inadvertently disclosed to defense counsel by a United States magistrate concerning the identity of an informant in the case. Appellant brought the appeal pursuant to 28 U.S.C. Secs. 1291 and 1292. We dismiss the appeal for want of jurisdiction because the non-disclosure order does not fall within the collateral order exception to the final judgment rule.
 
 
 2
 On May 23, 1986, a hearing was held before a United States magistrate relating to appellant's violation of terms and conditions of her pretrial release. During that hearing, an F.B.I. agent testified on behalf of the government and related during direct examination that he had received information from an informant that appellant violated the travel restrictions contained in the pretrial release agreement. The agent did not identify this informant during the course of direct examination. During the agent's cross-examination, however, defense counsel inquired into the identity of the informant. The magistrate held a side-bar conference with counsel regarding the identity of the informant. After the magistrate talked privately with counsel for the government, appellant's counsel returned to the side-bar where the magistrate refused to require the government to identify the informant but himself inadvertently disclosed some information about the informant. The magistrate then ordered appellant's counsel to not disclose this information to appellant since it might permit her to identify the informant. The District Court refused to rescind the magistrate's order and appellant appealed.
 
 
 3
 This Court issued an Order to show cause why the present appeal should not be dismissed for want of jurisdiction since there was no final judgment in the action. Appellant contends that the collateral order exception to the final judgment rule, as set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), and Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978), permits this Court to review the non-disclosure order. Appellant correctly notes that the Supreme Court has stated that an order must meet three requirements to fall within the exception to the final judgment rule: (1) it must conclusively determine the disputed questions; (2) it must resolve an important issue completely separate from the merits of the action; and (3) it must be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand, 437 U.S. at 468.
 
 
 4
 Appellant argues that the order in the present case meets all three of these requirements. First, the non-disclosure order has been the District Court's "last word on the subject." The court, through the order, has indicated that no further consideration of this issue is contemplated. Second, appellant contends that the order resolves an important issue entirely separate from the merits of the action. According to appellant, the resolution of the validity of the order would not require this Court to " 'enmesh' itself deeply with the facts and law necessary to an understanding of the substantive offenses charged in the indictment," Brief for Appellant at 8, and that the issue concerns the interference with the attorney-client relationship, an issue separate from any question of appellant's guilt or innocence. Third, appellant believes that the order is effectively unreviewable on appeal from a final judgment. She argues that she would be unable to show prejudice from the order if this Court would require her to show prejudice when she appeals her conviction raising ineffective assistance of counsel and due process claims. This is because she may never know the identity of the informant and it would be impossible to know if the informant conveyed other information to the government and how this information adversely affected her defense. Defense counsel did admonish appellant not to speak to anyone regarding the case. Alternatively, appellant argues that if a showing of prejudice is not required on appeal, the order is a per se violation of her constitutional rights because it interferes with the attorney-client relationship. Appellant argues that the informant may convey information on her trial strategy to the government and thus counsel is knowingly exposing confidential communications to the prosecution. Furthermore, appellant argues that the order may result in counsel not discussing fully with his client the defense to the charges if counsel desires to avoid transmitting information to the government. Appellant finally argues in the alternative that the non-disclosure order should be found reviewable under 28 U.S.C. Sec. 1292(a)(1) because the order is injunctive in character since it prohibits counsel from communicating certain information with his client.
 
 
 5
 The Government contends that the order does not meet the third prong of the Coopers & Lybrand test. It contends that appellant will never be able to demonstrate cause and prejudice to succeed on an ineffective assistance of counsel claim because appellant is not entitled to know the information disclosed by the magistrate. Alternatively, the government contends that defense counsel's assertion that he cannot represent appellant because he was told something about the case that he cannot disclose to his client can easily be remedied by appointing other counsel.
 
 
 6
 Section 1291 grants the court of appeals jurisdiction of appeals from all "final decisions of the district courts," except where a direct appeal lies to the Supreme Court. It provides in relevant part:
 
 
 7
 The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States....
 
 
 8
 28 U.S.C. Sec. 1291 (1982). The statute requires that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981). In Firestone Tire, the Court provided its rationale for usually requiring a final disposition of a case before appeal:
 
 
 9
 This rule ... emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."
 
 
 10
 Id. at 374 (quoting Cobbledick v. United States, 309 U.S. 323, 325 (1940)).[1]
 
 
 11
 The Supreme Court in Cohen recognized that certain orders fell within the exception to this finality requirement. In Cohn, the question was whether a decision that denied a motion to require a plaintiff to post bond in a stockholder's derivative suit was a final decision. The Court stated:
 
 
 12
 This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction.
 
 
 13
 337 U.S. at 546. As discussed above, the Coopers & Lybrand Court set forth more specific requirements of the collateral order exception to the finality requirement.
 
 
 14
 In Flanagan v. United States, 465 U.S. 259 (1984), the Court considered the appealability of a pretrial order granting disqualification of defense counsel in a criminal case, and unanimously held that such an order was not immediately appealable. Id. at 266. The Court did not decide whether an erroneous order disqualifying counsel should be presumed prejudicial. Nevertheless, the Court stated that if such prejudice is presumed, the order may be effectively reviewed. If, on the other hand, an erroneous order is not presumed prejudicial, then review of the disqualification order cannot be done without consideration of the merits of the case. Thus, the Court concluded that the disqualification order failed to satisfy the second and third prongs of the Coopers & Lybrand exception.
 
 
 15
 The Flanagan Court stated that the policy behind the rule requiring a final judgment before considering an appeal was particularly important in criminal cases; consequently, the Court stated that the exception is applied "with the utmost strictness in [such] cases." Id. at 265. The accused may have a strong interest in speedy resolution of the charges, and society has an interest in providing a speedy trial. As time passes, the prosecution's ability to meet its burden of proof may greatly diminish. Also, delay increases the cost of pretrial detention and lengthens the period during which defendants released on bail may commit other crimes. Accordingly, the Court stated that it had found only three types of pretrial orders in criminal prosecutions to meet the requirements. Each type involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." United States v. Hollywood Motor Car Co., 458 U.S. 263, 266 (1982) (quoting United States v. MacDonald, 435 U.S. 850, 860 (1978)).
 
 
 16
 In Stack v. Boyle, 342 U.S. 1 (1951), the Court held that an order denying a motion to reduce bail may be reviewed before trial. Id. at 6. The Court noted that the issue is finally resolved and is independent of the issues to be tried, and the order becomes moot if review awaits conviction and sentence. The Court has also held that orders denying motions to dismiss an indictment on speech and debate or double jeopardy grounds are also immediately appealable. See Helstoski v. Meanor, 442 U.S. 500 (1979); Abney v. United States, 431 U.S. 651 (1977). According to the Court, the right guaranteed by the Speech or Debate Clause is more than the right not to be convicted for certain legislative activities, but is the right not to "be questioned" about them. Likewise, the right guaranteed by the Double Jeopardy Clause is more than the right not to be convicted in a second prosecution for an offensive, but is the right not to be placed in jeopardy.
 
 
 17
 We believe that the non-disclosure order issued by the District Court is an unappealable interlocutory order. It is not of the type that "involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.' " Flanagan, 465 U.S. at 266 (quoting Hollywood Motor Car, 458 U.S. at 266). Like the right asserted in Flanagan, whether based on the due process clause or the effective assistance of counsel clause, appellant's right to know the information disclosed to her counsel is not a right not to be tried. Rather, as the Flanagan Court noted, the right is merely a right not to be convicted in certain circumstances. Additionally, like the right in Flanagan appellant's claim "would be largely satisfied by an acquittal resulting from the prosecution's failure to carry its burden of proof," and would not result in the dismissal of the prosecution. Flanagan, 465 U.S. at 267 (quoting United States v. MacDonald, 435 U.S. 850, 859 (1978)).[2]
 
 
 18
 Additionally, appellant fails to recognize that the Flanagan Court concluded that the disqualification order was not immediately appealable irrespective of whether the defendant in that case would have to prove prejudice on appeal. If appellant in the present case would not have to prove prejudice from the order, then "a pretrial order violating [appellant's due process or effective assistance of counsel rights] does not meet the third condition for coverage by the collateral order exception: it is not 'effectively unreviewable on appeal from a final judgment.' " 465 U.S. at 268. Absent a requirement of prejudice, the propriety of the court's non-disclosure order can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal. Alternatively, if appellant would be required to demonstrate prejudice, the non-disclosure order does not satisfy the second prong of the collateral order exception because it is not independent of the issues to be tried. "Only after assessing the effect of the ruling on the final judgment could an appellate court decide whether the client's rights had been prejudiced." Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 439 (1985). Finally, appellant cannot appeal the non-disclosure order pursuant to section 1292 inasmuch as this section does not apply to criminal cases.
 
 
 19
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 In Firestone, the Court unanimously held that an order denying a motion to disqualify counsel of the opposing party in a civil case was not a final decision for purposes of section 1291
 
 
 [2]
 Cf. United States v. MacDonald, 435 U.S. 850 (1978) (order denying motion to dismiss on speedy trial grounds not immediately appealable); United States v. Hollywood Motor Car Co., 458 U.S. 263 (1982) (order denying motion to dismiss on vindictive prosecution grounds not immediately appealable);