895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold E. FORD; Douglas R. Beaty; Karl A. Schledwitz;
David Crabtree, Defendants-Appellants.
 No. 90-5209.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge*.
 
 ORDER
 
 2
 The defendants in this criminal prosecution for conspiracy to commit mail fraud and bank fraud are attempting to appeal an order denying their motions to dismiss the indictment. In the alternative, they request that this appeal be treated as a petition for a writ of mandamus. The defendants also move for a stay of the trial scheduled to begin on February 12 and for an expedited briefing schedule.
 
 
 3
 The defendants moved for dismissal of the indictment on grounds of alleged constitutional violations. They sought in district court and via this appeal dismissal of the indictment on grounds that the grand jury was presented false evidence, that the government selected a venue for the grand jury which was not unbiased, that the successive amendments to the indictment require its dismissal because it no longer constitutes an "indictment", and that the court erred in denying the defendants discovery of the grand jury proceedings. The district court denied the motion to dismiss by order of February 1. The court amended the order on the same day to include a statement that the resolution of the motion conclusively determined the issue, that the issue was separate from the merits, and that resolution of the motion would be effectively unreviewable on appeal from final judgment.
 
 
 4
 The finality rule of 28 U.S.C. Sec. 1291 limits the jurisdiction of appellate courts to review of final decisions. In a criminal case the final decision is the conviction and sentence. Flanagan v. United States, 465 U.S. 259, 263 (1984). A narrow exception to the rule of finality is found within Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949) in which the Supreme Court held that certain limited classes of final collateral orders would be immediately appealable. In the criminal context only three types of orders have been found to be collateral and immediately appealable. See United States v. Hollywood, 458 U.S. 263 (1982) (per curiam) (three types of interlocutory appeals are denial of motion to reduce bail, denial of motion to dismiss indictment on double jeopardy grounds, denial of immunity under Speech and Debate Clause).
 
 
 5
 However, the defendants seek an immediate appeal of this order, arguing that the district court's denial of the motion to dismiss will be effectively unreviewable after final judgment. The defendants cite United States v. Mechanik, 475 U.S. 66 (1986) as grounds for an additional exception to the final judgment rule. Mechanik held that the petit jury's verdict rendered harmless any error with respect to grand jury proceedings arising from violations of Fed.R.Crim.P. 6(d). In Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1497 (1989), however, the Supreme Court held that an order denying a motion to dismiss an indictment pursuant to Fed.R.Crim.P. 6(e) is not immediately appealable and that in such an instance Mechanik does not create a right of interlocutory appeal.
 
 
 6
 Nevertheless, the defendants argue that Midland Asphalt creates a right to interlocutory appeal in the instant case because the alleged constitutional violations are of such magnitude that the defendants have a right not to be tried. Midland states that "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." Midland, 109 S.Ct. at 1499-1500. Upon review and consideration, we conclude that the defendants have not established a right not to be tried. Accordingly, we conclude that we have no jurisdiction in this appeal. We are not bound by the district court's characterization of its order as appropriate for interlocutory review.
 
 
 7
 The defendants urge in the alternative that this appeal be treated as a petition for mandamus. Having concluded that we are without jurisdiction to hear the defendants' interlocutory appeal, we decline to exercise our jurisdiction in mandamus. See United States v. Davis, 873 F.2d 900, 910 (6th Cir.), cert. denied, 58 USLW 3258 (1989) (mandamus not exercised to review order where interlocutory appellate jurisdiction was lacking).
 
 
 8
 It is therefore ORDERED that the defendants' appeal is dismissed for lack of jurisdiction. The motion to stay the trial date is moot.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation