**PETELO LAFAELE and ETI NOA, Appellants**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 08-00
AP No. 10-00

December 13, 2000

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Appellants, Curtis E. Sherwood, Assistant Public Defender
For Appellee, Fainu`ulelei L.F. Ala`ilima-Utu, Assistant
Attorney General

### ORDER DENYING MOTION FOR STAY AND DISMISSING INTERLOCUTORY APPEAL

Both Appellants Petelo Lafaele ("Lafaele") and Eti Noa ("Noa") (together "Appellants") are awaiting trial in District Court for Class A Misdemeanor offenses, which are punishable by up to one year in jail and/or a $1000 fine. They each requested a jury trial. The District Court, in a written pre-trial order dated July 13, 2000, denied Lafaele's request on the premise that Lafaele had neither a constitutional nor statutory right to trial by jury. On August 18, 2000, the District Court, for the same reasons, denied Noa's motion.

Appellants move this Court for a stay of their bench trials pending their appeal of the District Court's pre-trial orders denying their asserted right to be tried by a jury.

█ The High Court has jurisdiction to review only the "final decisions" of the District Court. A.S.C.A. § 3.0309. The question arising here is whether the District Court's pre-trial orders denying Appellants' asserted right to a jury trial is "final" within the meaning of A.S.C.A. § 3.0309.

█ We have held that a pre-trial or interlocutory order is final if it falls within the collateral order exception; that is, the order resolves an issue separate and distinct from the question of guilt or innocence. *Kim v. Am. Samoa Gov't*, 17 A.S.R.2d 193, 195 (App. Div. 1990). A pre-trial or interlocutory order within the collateral order exception must

> (1) conclusively resolve the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from the final judgment in the main case.

*Id.* (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988)); *see also Coopers & Lybrand v. Livesay*, 458 U.S. 263 (1978).

■ In *Flanagan v. United States*, 465 U.S. 259 (1984), the Supreme Court held that a pre-trial order disqualifying counsel does not fall within the collateral order exception to the finality rule. The Court reasoned, that like virtually all rights of criminal defendants, the right not to have counsel disqualified is merely a right not to be convicted in certain circumstances and not a right not to be tried. *Id.* at 264; *see also Kim*, 17 A.S.R.2d at 196. The Supreme Court discussed three types of pre-trial orders in criminal prosecutions that the Court has recognized as satisfying the collateral order exception standard. These include pre-trial orders denying bail reduction, indictment dismissals on double jeopardy, or speech or debate grounds. These decisions involve an asserted right, the legal and practical value of which would be destroyed if not resolved before trial. *Flanagan*, 465 U.S. at 264.

The denial of an alleged right to a jury trial is not analogous to the denial of bail reduction, an indictment dismissed on double jeopardy,[9] or speech or debate grounds. Rather, akin to the right not to have counsel disqualified, the asserted right to a jury trial is merely a right not to be convicted in certain circumstances. Furthermore, the District Court's pre-trial orders denying Appellants' jury trial requests are not "effectively unreviewable" as Appellants are not precluded from raising their claims subsequent to final judgment.

■ Therefore, we hold that the District Court's pre-trial orders denying Appellants' requests for a jury trial are not collateral issues within our jurisdiction. To hold otherwise would invite piecemeal appellate review not contemplated by the Legislature's statutory restriction that we review only "final decisions" of the District Court. A.S.C.A. § 3.0309; *see also Flanagan*, 465 U.S. at 293.

Since we are without jurisdiction to review this matter, Appellants' motion for a stay should be denied, and their interlocutory appeals should be dismissed. Accordingly, appellants' motions to stay their bench trials are hereby denied and Appellants' interlocutory appeals are dismissed.

It is so ordered.

---

[9] Appellants misread *Abney v. United States*, 431 U.S. 651 (1977) for the broad proposition that Appellants' right against double jeopardy protects them from being tried by judge, and subjected to a second trial by jury. In *Abney* the lower court's pre-trial order denied dismissal of an indictment on double jeopardy grounds, an asserted right which if denied interlocutory review and the case allowed to go to trial would be effectively unreviewable upon final judgment. In this case, the double jeopardy clause does not preclude appellants' re-trials after successful bench trial convictions.