**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Huy Chi LUONG, a.k.a. Jimmy Luong; a.k.a. Chi Fei, Defendant— Appellant.**

United States of America, Plaintiff—Appellee,

v.

Mady Chan, a.k.a. Manny, Defendant— Appellant.

United States of America, Plaintiff—Appellee,

v.

John That Luong, aka Ah Sing, aka That Luong, aka Ah Sinh, aka— Thanh, aka—Duong, aka John Dao, aka Cuong Quoc Dao, aka Thang, aka Johnny, aka Tony, aka Tony Anderson, Defendant—Appellant.

Nos. 03–10700, 03–10701, 04–10007.
D.C. Nos. CR–96–00350–WBS,
CR–96–00350–1–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2005.*

Decided March 11, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

William S. Wong, Asst. U.S. Atty., Patrick Hanly, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiffs–Appellees.

Mady Chan, Sacramento, CA, pro se.

Richard B. Mazer, Law Offices of Richard B. Mazer, San Francisco, CA, for Defendant–Appellant.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM**

John That Luong, Mady Chan and Huy Chi Luong contend on interlocutory appeal that the district court erroneously denied their motion to dismiss their indictments for violations of double jeopardy and due process. We dismiss the appeal for lack of jurisdiction.

■ We have interlocutory jurisdiction to reach the merits only of "colorable" double jeopardy claims. *United States v. Hickey*, 367 F.3d 888, 891 (9th Cir.2004). In a related appeal, we recently held that the five-factor test outlined in *United States v. Stoddard*, 111 F.3d 1450, 1454 (9th Cir.1997) "does not extend to RICO predicate acts," rather, we have applied it "in cases involving successive conspiracy charges under the *same statute*." *United States v. Luong*, 393 F.3d 913, 916–17 (9th Cir.2004) (emphasis added). Therefore, in determining whether the charges of conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(h) and conspiring to conduct the affairs of a racketeering enterprise in violation of 18 U.S.C. § 1962(d) charge the "same offense" for double jeopardy purposes, we reject Appellants' arguments based on *Stoddard* and apply instead the test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). As a result, Appellants have failed to raise a colorable double jeopardy claim, and we therefore lack interlocutory jurisdiction to consider their claim on the merits. *See United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir.1999).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellants also contend the section 1956(h) conspiracy charges should be dismissed on due process grounds. However, we lack jurisdiction at this stage to consider their claim of prosecutorial vindictiveness. *See United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 264, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam). In addition, because we interpret the collateral order doctrine with the "'utmost strictness' in criminal cases," *United States v. Lewis,* 368 F.3d 1102, 1105 (9th Cir.2004) (citation omitted), we conclude we also lack jurisdiction to consider their argument that the government subjected them to "'cruel harassment' of multiple prosecutions all for the same RICO offense." *See also Hollywood Motor Car Co.,* 458 U.S. at 269 ("Even when the vindication of the defendant's rights requires dismissal of charges altogether, the conditions justifying an interlocutory appeal are not necessarily satisfied.").

DISMISSED.