**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM I. WILSON,

Defendant-Appellant.

No. 10-1476
(D.C. No. 1:08-cr–00263-KHV-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

Pursuant to Fed. R. App. P. 27(a) and 10th Cir. R. 27.2, the United States

has moved to dismiss this pro se appeal for lack of appellate jurisdiction. We

agree with the United States that this court lacks jurisdiction to hear an

interlocutory appeal of the part of the order entered by the district court on

October 14, 2010, denying Mr. Wilson's motion to dismiss the initial and

---

[*]      After examining the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

superseding indictments based on his allegations of vindictive prosecution. *See* Doc. 232 at 33-36. As the United States has explained, "[t]his court lacks jurisdiction because the ruling below is not a final order under 28 U.S.C. § 1291 and the circumstances do not satisfy any of the narrow exceptions to § 1291's finality requirement." Motion to Dismiss Appeal at 1.

Mr. Wilson claims that the United States filed the subject criminal charges against him in retaliation for his having filed two civil rights lawsuits. Relying on this court's decision in *United States vs. P.H.E., Inc.*, 965 F.2d 848 (10th Cir. 1992), Mr. Wilson argues that he should therefore be able to pursue an immediate interlocutory appeal to protect his First Amendment right to be free from vindictive prosecution. We disagree. As explained by the district court in the order it entered on October 14, 2010, denying Mr. Wilson's motion to abate the district court proceedings, "[w]hen vindictive or selective prosecution is alleged, the claim is not subject to interlocutory appeal because it is effectively reviewable on appeal from a final judgment." Doc. 240 at 4 (citing *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982) (additional citations omitted)). Further, although we allowed an interlocutory appeal in *P.H.E.* to review a claim of prosecutorial vindictiveness, this case does not contain the exceptional circumstances that were present in *P.H.E.*, and *P.H.E.* is easily distinguishable.

To begin with, in contrast to the bank fraud and identity theft charges in this case, *P.H.E.* involved a pornography prosecution that directly implicated the First Amendment. In addition, as explained by the district court, "[the] defendants in *P.H.E.* alleged that continued prosecution chilled the distribution of materials which were protected by the First Amendment. Here, in contrast, defendant has identified no ongoing impact on his First Amendment rights . . . [or] explained how an immediate appeal would more fully protect his First Amendment rights than an appeal after a final judgment." Doc. 240 at 5 (underlining changed to italics). Indeed, Mr. Wilson has made no showing that the government's prosecution of this case is having any adverse impact on his efforts to seek relief in his civil rights lawsuits. In fact, the district court has dismissed one of the cases without prejudice at the request of Mr. Wilson and the other case is presently on appeal in this court. *Id.* at 2-3.

This appeal is **DISMISSED** for lack of appellate jurisdiction. Mr. Wilson's emergency motion to stay the district court proceedings is **DENIED** as moot.

ENTERED FOR THE COURT
PER CURIAM