# United States Court of Appeals

## For the First Circuit

No. 09-2324

PAT GODIN,

Plaintiff, Appellee,

v.

PATTY SCHENCKS, JOLEEN NICELY, and DONNA METTA,

Defendants, Appellants,

SCHOOL UNION #134 and MACHIASPORT SCHOOL DEPARTMENT BOARD OF
DIRECTORS,

Defendants.

ERRATA SHEET

The opinion of this Court issued on December 22, 2010 is
amended as follows:

On page 11, line 1, "Corp." is changed to "Corporation"

On page 12, lines 11-12, "458 U.S. 263, 269 (1982) (internal
quotation marks omitted))" is changed to "458 U.S. 263, 269 (1982))
(internal quotation marks omitted)"

On page 12, line 16, "(quotation mark" is changed to
"(internal quotation mark"

At page 19, footnote 13, line 7, "See Walker, 446 U.S. at 751-
52." is changed to "See Walker v. Armco Steel Corp., 446 U.S. 740,
751-52 (1980)."

On page 23, line 18, the following footnote 18 is added at the
end of the sentence. The remaining footnotes should be renumbered
accordingly.

There may be a concern that Section 556, to the extent it

might be read to allow, contrary to Rule 56, a judge to resolve a disputed material issue of fact, would then preclude a party from exercising its Seventh Amendment rights to trial by jury on disputed issues of material fact. Cf. Pease v. Rathbun-Jones Eng'g Co., 243 U.S. 273, 278 (1917) (summary judgment does not violate Seventh Amendment). But Section 556 is a relatively young statute, not much construed by the state courts, and there is no reason to think the state courts would construe Section 556 so as to be incompatible with the Seventh Amendment. Although the Seventh Amendment has not been incorporated against the states, Curtis v. Loether, 415 U.S. 189, 192 n.6 (1974), Maine's constitution itself provides that "[i]n all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced." Me. Const. art. I, § 20. This provision has "historically been construed as guaranteeing the right to a trial by jury in civil cases unless it is demonstrated that such a right did not exist at the time of the adoption of [Maine's] Constitution." Smith v. Hawthorne, 892 A.2d 433, 444 (Me. 2006). We do note that the heightened pleading standard under the Private Securities Litigation Reform Act (PSLRA) does not violate the Seventh Amendment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 327 & n.8 (2007).