IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA W.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-324**   (Fam. Ct. Taylor Cnty. Case No. FC-46-2014-D-40)

**SPENCER W.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina W.[1] appeals the Family Court of Taylor County's July 17, 2024, order denying her motion to appoint a special commissioner. Respondent Spencer W. did not participate in the appeal.[2]

After considering the record on appeal, Tina W.'s briefing, and the applicable law, this Court finds that the order on appeal is neither a final order nor an appealable interlocutory order pursuant to West Virginia Code § 51-11-4 (2024). As explained below, a memorandum decision dismissing this appeal is appropriate.

Because we conclude that this appeal was improvidently docketed, our recitation of the factual and procedural narrative of the case will be brief. By way of background, the parties were divorced by an agreed divorce order entered on January 13, 2015. In that order, Spencer W. was ordered to pay Tina W. $550,000 with 5% interest accruing per year for her share of equitable distribution. Spencer W. failed to comply with the parties' agreed divorce order. Thereafter, Tina W. filed her first of many petitions for contempt on March 26, 2015, which was followed by numerous additional pleadings and documentation being filed with the family court. After multiple hearings on Spencer W.'s longstanding contempt, it was determined that he owed more than $700,000, including interest, to Tina W. for her share of equitable distribution.

Spencer W. continued to refuse to comply with the family court's orders and Tina W. filed multiple pleadings, including a petition for writ of mandamus against the family

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Tina W. is self-represented.

court judge, a motion to disqualify the family court judge, and a motion to have a special commissioner appointed to her case to assist with the collection and transferring of assets owed her in equitable distribution. Spencer W. has been incarcerated several times for his noncompliance.

On June 5, 2024, Tina W. filed an "Emergency Motion for Entry of Special Commissioner" to assist her with locating and transferring assets owed to her in equitable distribution. On July 17, 2024, the family court issued an order denying and dismissing Tina W.'s motion, finding that the request for the appointment of a special commissioner "has been made, ruled upon, appealed, and affirmed." It is from the July 17, 2024, order that Tina W. now appeals, wherein she asserts that the family court, again, erroneously failed to appoint a special commissioner. We find that we lack appellate jurisdiction over this order for the reasons set forth below.[3]

First, this Court generally lacks appellate jurisdiction over interlocutory appeals. Instead, this Court has appellate jurisdiction over "[f]inal judgments or orders of a family court, entered after June 30, 2022[.]" Syl. Pt. 5, in part, *Aaron W. v. Evelyn W.*, 251 W. Va. 1, 909 S.E.2d 36 (2024) (quoting W. Va. Code § 51-11-4(b)(2)). However, "the Legislature created a limited exception to § 51-11-4(d)(8)'s general prohibition, and, in West Virginia Code § 48-9-203(f), provides [this Court] with limited appellate jurisdiction over certain temporary child custodial allocation orders," which is not applicable in this matter. *Id.* at __, 909 S.E.2d at 42.

The Supreme Court of Appeals of West Virginia ("SCAWV") has stated that "[g]enerally, an order qualifies as a final order when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Guido v. Guido*, 202 W. Va. 198, 201, 503 S.E.2d 511, 514 (1998) (per curiam) (quoting *Durm v. Heck's Inc.*, 184 W. Va. 562, 566, 401 S.E.2d 908, 912 (1991)); *see also Coleman v. Sopher*, 194 W. Va. 90, 94, 459 S.E.2d 367, 371 (1995) (stating that "[t]he usual prerequisite for . . . appellate jurisdiction is a final judgment, final in respect that it ends the case"). The SCAWV has further explained that, "[t]his rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]'" *James M.B. v. Carolyn M.*, 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995) (quoting *United States v. Hollywood Motor Car Co. Inc.*, 458 U.S. 263, 265 (1982) (per curiam)).

Second, Rule 22(c) of the West Virginia Rules of Practice and Procedure for Family Court sets forth the notice requirements of a family court order and states as follows:

---

[3] The July 17, 2024, order on appeal also rejected several other procedural motions that are not at issue in this appeal. None of these other procedural rulings render the order final.

A family court final order shall contain language explicitly informing the parties (1) that it is a final order; (2) that any party aggrieved by the final order may take an appeal either to the intermediate court of appeals or directly to the supreme court of appeals under West Virginia Code § 51-2A-15; (3) that an appeal to the intermediate court of appeals may be filed by either party within thirty days after entry of the final order; and (4) that in order to appeal directly to the supreme court of appeals, both parties must file, either jointly or separately, within fourteen days after entry of the final order, a joint notice of intent to appeal and waiver of right to appeal to the intermediate court of appeals.

The family court's order in this case includes the above language on the last page. However, despite its labeling to the contrary, we find that the family court's order is not a final order. Rule 22 simply describes the required contents of a family court order. Nothing in the Rule "authorizes a family court judge to certify an otherwise interlocutory order to be a final order." *Aaron W.,* 251 W. Va. at ___, 909 S.E.2d at 41. Here, the family court's order is not final in its nature or effect, as it does not end litigation on the merits. To the contrary, it merely disposes of Tina W.'s request for the appointment of a special commissioner.

Accordingly, this appeal was improvidently docketed and is dismissed.[4]

Dismissed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] Although we lack jurisdiction to review this appeal, Tina W. may not be precluded from seeking other extraordinary remedies with a court of competent jurisdiction, such as those found in Chapter 53 of the West Virginia Code.