**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James K. DEUTSCH,
Defendant-Appellant.**

**No. 79–1326.**

United States Court of Appeals,
Fifth Circuit.

July 2, 1979.

Rehearing Denied Aug. 3, 1979.

Joel Kaplan, Asst. Fed. Public Defender, Miami, Fla., for defendant-appellant.

Hugh F. Culverhouse, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and GEE, Circuit Judges.

THORNBERRY, Circuit Judge:

In 1978 James K. Deutsch was indicted on forty-three counts alleging violations of

48

various securities and income tax laws.[1] Pursuant to Deutsch's request, the U.S. Magistrate appointed the Federal Public Defender under the Criminal Justice Act, 18 U.S.C. § 3006A.[2] Upon motion of the United States, however, the district court struck this appointment. Deutsch appeals; we affirm.

■ As an initial matter, we are faced, *sua sponte,* with a question of our appellate jurisdiction. Although aware that finality for purposes of appeal is more strictly construed in criminal cases, we believe that this denial of appointed counsel is final and appealable under 28 U.S.C. § 1291, pursuant to the principles of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Like the issue in *Cohen,* the striking of counsel falls within

> that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

69 S.Ct. at 1225–26. We are buttressed in this conclusion by *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5 Cir. 1977), in which the court concluded that denial of appointed counsel in a civil case was an appealable order. The reasoning of *Caston* is even more compelling in the present case, since the striking of appointed counsel not only may effectively deny the constitutional guarantee of counsel encompassed by the sixth amendment, but, for want of a nail, also may result in the denial of the full panoply of rights extended a criminal defendant. Undoubtedly, an eligible defendant may struggle through to present his complaint on appeal upon completion of the trial. However, to construe this possibility as obviating the finality of the decision in this case would not only result in a waste of judicial resources, since a retrial might be required, but would run the substantial possibility that some defendants, cast adrift without counsel, would plead guilty or fail to appeal.[3]

■ Turning to the primary issue of this appeal, we cannot say that the district court erred in striking appointed counsel. At the hearing before the magistrate, Deutsch not only testified under oath that he was unable to pay, but on cross-examination of an IRS agent the Federal Public Defender elicited testimony that the agent could not locate any assets belonging to Deutsch. On rebuttal before the district court,[4] however, the government presented a number of witnesses concerning Deutsch's financial status and the district court determined that Deutsch had sufficient assets to retain counsel. Deutsch primarily complains that the United States did not prove that he had assets at the time of the hearing, but only showed that he had sufficient wealth within the past three years. We believe, however, that the district court could properly infer that Deutsch was presently able to retain counsel. We do not

1. 15 U.S.C. §§ 77e(a)(2), 77g; 26 U.S.C. §§ 7201, 7206(1), 7206(2).

2. 18 U.S.C. § 3006A(b) provides in pertinent part:

Unless the defendant waives representation by counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him.

3. Although under § 3006A(c), the district court can subsequently appoint counsel, we do not believe that this power makes the present decision striking counsel "inherently tentative." *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 2458 n.11, 57 L.Ed.2d 351 (1978). The fact that the district court could,

under evolving circumstances, change the result does not vitiate the present finality of the striking of counsel since this action, if upheld, will unquestionably deny Deutsch the assistance of counsel during some part of this criminal prosecution.

4. Deutsch argued, and the United States apparently concedes, that the burden of proof rested upon the United States as the moving party before the district court. However, in light of the perfunctory inquiry conducted by the magistrate, we will consider the hearings before the magistrate and the district court as one extended proceeding. Moreover, even under the litigants' view, we believe the United States discharged its burden.

think that the United States necessarily must prove the net worth of a defendant at the time of trial, but may depend upon circumstantial evidence to show financial ability.

■ In the present case, the court based its conclusion upon several findings of fact. First, that on June 1, 1976, Deutsch and his wife filed a financial statement pursuant to a bank loan listing a net worth of $981,089. Second, that Deutsch subsequently had engaged in a practice of transferring assets to his wife in order to avoid liability. Third, that Deutsch, as president of Huntington Farms, Inc., had access to funds, principally a Swiss bank account. These findings are supported by substantial evidence and are not clearly erroneous.[5]

■ Although we can discern no error in the decision of the district court, we wish to remind the judge that at any time during the prosecution, he may properly consider appointing counsel if he becomes concerned about the financial burden upon Deutsch of paying an attorney. The United States may always seek reimbursement for any funds expended. *See* 18 U.S.C. § 3006A(c).

AFFIRMED.

---

**5.** Although a district court is accorded considerable discretion in appointing counsel under the Act, *see Wood v. United States*, 373 F.2d 894 (5 Cir.), *rev'd on other grounds*, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20 (1967), specific findings of fact are properly reviewable under the clearly erroneous standard. *Cf. Wilson v. Thompson*, 593 F.2d 1375 (5 Cir. 1979).

The district court failed to file findings of fact and conclusions of law. However, we were able to discern from the transcription of his oral decision the bases for the result. We suggest that in the future the district court should file formal findings. *See Wood v. United States*, 387 F.2d 353 (5 Cir. 1967).