**UNITED STATES, Appellee,**

v.

**Joseph C. KANE, Defendant, Appellant.**

No. 91–2194.

United States Court of Appeals,
First Circuit.

Jan. 29, 1992.

Richard E. Bachman, Cambridge, Mass., and Hale, Sanderson, Byrnes & Morton, Boston, Mass., on Memorandum of Law in Opposition to Motion for Summary Disposition.

Wayne A. Budd, U.S. Atty., and William P. Stimson, Asst. U.S. Atty., Boston, Mass., on Motion for Summary Disposition.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

This appeal presents an issue of first impression for this circuit: whether a court of appeals has jurisdiction to review an interlocutory appeal of an order denying a criminal defendant's application for appointment of counsel.

Appellant, Joseph C. Kane, was indicted on June 20, 1991 upon 10 counts of bank fraud under 18 U.S.C. § 1344. After being arrested, he appeared before the district court and requested the appointment of counsel. In response, the government filed a statement suggesting that the inquiry into appellant's financial status include seven trusts and corporations. The government contended that appellant used these businesses and trusts to hold title to assets and to pay his personal and family expenses. The district court assigned counsel to represent appellant in connection with his application for the appointment of counsel. After a total of three hearings concerning appellant's financial status, the district court denied the application for the appointment of counsel. It concluded that appellant had not met his burden of coming forward with sufficient evidence to rebut the government's showing of appellant's ability to afford counsel.

This court's jurisdiction is limited to appeals from "final decisions of the district courts...." 28 U.S.C. § 1291. The final judgment rule preserves the respect due trial judges "by minimizing appellate-court interference with the numerous decisions" made in the prejudgment phases of litigation and reduces the ability of litigants "to harass opponents and to clog the courts through a succession of costly and time-consuming appeals." *Flanagan v. United States*, 465 U.S. 259, 263–64, 104 S.Ct. 1051, 1053–54, 79 L.Ed.2d 288 (1984). Thus, " 'the policy of Congress embodied in [§ 1291] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation....' " *Id.* at 264, 104 S.Ct. at 1054 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982)).

As a result of the "compelling interest in prompt trials," the requirements of the collateral order doctrine have been interpreted "with the utmost strictness" in criminal prosecutions. *Id.* at 265, 102 S.Ct. at 3082. *See also Midland Asphalt Corp. v. United*

*States*, 489 U.S. 794, 799, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989); *cf. United States v. Hunnewell*, 855 F.2d 1, 1 (1st Cir.1988). To qualify for immediate appeal, interlocutory orders must meet the test set out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978): (1) the order must have conclusively determined the disputed issue; (2) it must have answered an important question distinct from the merits of the case; and (3) it must be one which is practically unreviewable on appeal from a final judgment. It is the third requirement that is the most important in the criminal context. That is, the order must involve a right, the value of which would effectively be destroyed if it were not reviewed before trial. *Flanagan*, 465 U.S. at 266, 104 S.Ct. at 1055.

Orders of only three kinds have been recognized by the Court as being immediately appealable in criminal prosecutions. These are orders denying a motion to reduce bail and orders denying motions to dismiss indictments on double jeopardy or speech or debate grounds. *Id.* As for bail motions, the denial order becomes moot if a criminal defendant must wait until conviction and sentencing to appeal. *Id.* The right guaranteed by the double jeopardy clause is not only the right not to be tried in a second prosecution; rather, it is the right not *to be tried at all* on an offense. *Id.* Similarly, the speech or debate clause guarantees the right not to be " 'questioned' " concerning certain legislative activities; that is, it is the right *not to be tried* for such activities. *Id.* (citation omitted).

In 1984, the Supreme Court held in *Flanagan* that an order disqualifying counsel was not immediately appealable. The disqualification issue dealt with there is closely analogous to the denial of appointment here. In *Flanagan*, the Court pointed out that "a constitutional objection to counsel's disqualification is in no danger of becoming moot upon conviction and sentence." *Id.* The Court went on to state that "the asserted right not to have joint counsel dis-

qualified is, like virtually all rights of criminal defendants, merely a right not to be convicted in certain circumstances." *Id.* at 267, 104 S.Ct. at 1055. Thus,

> postconviction review [of a disqualification order] is concededly effective to the extent that petitioners' asserted right is like the Sixth Amendment rights violated when a trial court denies appointment of counsel altogether, see *Gideon v. Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963), or denies counsel's request to be replaced because of a conflict of interest, see *Holloway v. Arkansas*, 435 U.S. 475 [98 S.Ct. 1173, 55 L.Ed.2d 426] (1978). No showing of prejudice need be made to obtain reversal in these circumstances because prejudice to the defense is presumed.

*Id.* at 268, 104 S.Ct. at 1056.

Appellant urges us to find appellate jurisdiction here under two pre-*Flanagan* courts of appeals decisions accepting immediate jurisdiction to review orders striking earlier appointments of counsel in criminal prosecutions. *United States v. Deutsch*, 599 F.2d 46 (5th Cir.), *cert. denied*, 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194 (1979), and *United States v. Harris*, 707 F.2d 653 (2d Cir.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983).

But we agree with the Court of Appeals for the Seventh Circuit that these precedents do not survive the rationale of *Flanagan*. *United States v. Celani*, 748 F.2d 363, 365 (7th Cir.1984). In *Celani*, decided shortly after *Flanagan*, the Seventh Circuit held that an order denying the appointment of counsel in a criminal case was not immediately appealable. The court determined that such an order did not meet the first and third parts of the test set forth in *Coopers & Lybrand*—that the order " 'conclusively determine the disputed question' " and that it be " 'effectively unreviewable on appeal.' " 748 F.2d at 364 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

We agree with the reasoning in *Celani*. There is no question that an order denying

112

the appointment of counsel may be reviewed on appeal from conviction. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (Supreme Court reversed state conviction of defendant who had been denied the appointment of counsel). Indeed, the *Flanagan* Court's citation to *Gideon* in the context of the effectiveness of post-conviction review of disqualification orders is an implicit recognition that orders denying the appointment of counsel also are effectively reviewable on appeal. This view is strengthened by the Court's emphasis on the limited nature of the three situations in which it has determined that pretrial orders meet the requirements of the collateral order doctrine. As discussed, *supra,* these types of orders either result in the mooting of the question (reduction of bail) or involve a right not to be tried at all (double jeopardy and speech or debate rights). It seems to us that the asserted right to have counsel appointed on the basis of financial inability "is, like virtually all rights of criminal defendants, merely a right not to be convicted in certain circumstances." *Flanagan,* 465 U.S. at 267, 104 S.Ct. at 1055.

The Supreme Court has stated in the civil context: "Implicit in § 1291 is Congress' judgment that the *district judge* has primary responsibility to police the prejudgment tactics of litigants, and that the district judge can better exercise that responsibility if the appellate courts do not repeatedly intervene to second-guess prejudgment rulings." *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 436, 105 S.Ct. 2757, 2763, 86 L.Ed.2d 340 (1985). This reasoning applies even more forcefully in criminal prosecutions where the requirements of the collateral order doctrine have been interpreted with "the utmost strictness." *See Flanagan,* 465 U.S. at 265, 104 S.Ct. at 1054. The deference accorded a trial judge's orders in the pretrial phase of a criminal prosecution is reflected in the standard of review employed by an appellate court in examining such decisions. In reference to orders denying the appointment of counsel, district courts retain "considerable discretion" and we review the factual findings of the court only to deter-

mine whether they are "clearly erroneous." *Deutsch,* 599 F.2d at 49 & n. 5; *Harris,* 707 F.2d at 660 (district court decision concerning criminal defendant's ability to pay for counsel "will not be lightly overturned"); *see also United States v. Lyons,* 898 F.2d 210, 216 (1st Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990).

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. As a result, appellee's motion for summary disposition is moot.

*So ordered.*