**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

vs.

ERNEST GLENN AMBORT;
JOHN W. BENSON; WILLIAM J.
LEWIS; STEVEN W. STAY,

  Defendants - Appellants,

and NONA S. EGBERT and
MERRILL B. HANSEN,

  Defendants.

No. 99-4066

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## (D.C. No. 98-CR-197-B)

---

Ernest Glenn Ambort, pro se.

John W. Benson, pro se.

Thomas T. Wood (Todd R. Cannon with him on the brief), Wood & Associates, Salt Lake City, Utah for Defendant-Appellant William J. Lewis.

Richard A. Van Wagoner (Max D. Wheeler and Heather S. White with him on the briefs), Snow, Christensen & Martineau, Salt Lake City, Utah, for Defendant-Appellant Steven W. Stay.

Meghan S. Skelton (Alan Hechtkopf with her on the briefs), Attorneys, Tax Division, United States Department of Justice, Washington, D.C. for Plaintiff-Appellee.

---

Before **McKAY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

**KELLY** , Circuit Judge.

---

Defendants Ambort, Benson, Lewis and Stay appeal from an order of the district court denying their motion to dismiss the indictment. The government has moved to dismiss this interlocutory appeal. In United States v. P.H.E., Inc. , 965 F.2d 848, 856 (10th Cir. 1992), we held that an interlocutory order in a criminal case that implicates a defendant's First Amendment "right not to be tried" may be immediately appealable, regardless of the lack of a final order, see 28 U.S.C. § 1291. Whether this appeal fits within either that exception or within the collateral order exception to the final judgment rule must be decided prior to evaluating the merits. We dismiss the appeal for lack of jurisdiction.

## Background

Defendants were indicted by a grand jury on one count of conspiracy to defraud the United States by assisting in the preparation of false tax returns, in violation of 18 U.S.C. § 371, and on seventy counts of aiding and assisting in the

-2-

filing of false tax returns, in violation of 26 U.S.C. § 7206(2). The conspiracy count alleges that Defendants operated an organization known as "Association de Libertas" (ADL) that conducted "constitutional history seminars" throughout the United States. It further alleges that ADL leaders falsely told the seminar attendees that they were "nonresident aliens" exempt from most federal income taxes. For a fee of $1,500 to $1,600 for "forms training," ADL instructors taught the attendees how to complete an amended return form (Form 1040X) and/or a nonresident alien income tax return form (Form 1040NR), falsely claiming a refund for past years' taxes. In addition to the above fee, ADL also required one-third of any refund. To ensure payment, the mailing address of an ADL instructor or "escrow agent" appeared on the amended returns. The false return counts allege that the Defendants assisted in preparation of tax returns that were false and fraudulent as to a material matter, specifically classifying the taxpayers as nonresident aliens when the taxpayers were in fact residents of the United States subject to taxation and not entitled to the refunds claimed.

Defendants filed motions to dismiss the indictment on various grounds. In pertinent part, Defendants argued that under 26 U.S.C. § 7422 and <u>Cheek v. United States</u>, 498 U.S. 192 (1991), they have a right not to be tried for violation of tax laws when they simply urged compliance with a lawful method for challenging the government's interpretation of the tax laws. The district court

-3-

was not persuaded.

## Discussion

Ordinarily, the court of appeals' jurisdiction in criminal matters like this one is limited to appeals from final judgments. See 28 U.S.C. § 1291. However, the Supreme Court has created a single departure from this rule in the "limited category of cases falling within the 'collateral order' exception delineated in Cohen ...." United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982) (referring to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949)). In order to satisfy the Cohen exception, three requirements must be met: "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). This limited exception is applied "with the utmost strictness in criminal cases." Flanagan v. United States, 465 U.S. 259, 265 (1984).

Relying upon the First Amendment's right to petition for redress of grievances, Defendants argue that their "right not to be tried" merits review under the collateral order exception. Defendants have the burden of establishing the legal and factual basis for such a right. As the Supreme Court has noted, "§ 1291

-4-

requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 873 (1994).

> A right not to be tried in the sense relevant to the Cohen exception rests upon an explicit statutory or constitutional guarantee that trial will not occur--as in the Double Jeopardy Clause ('nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb') or the Speech or Debate Clause ('[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place').

Midland Asphalt Corp. v. United States, 489 U.S. 794, 801 (1989). Nowhere in the Constitution or laws of the United States is there an "explicit statutory or constitutional guarantee" of a right not to be tried for ordinary speech, even if otherwise protected by the First Amendment.[1]

This analysis "reflects the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges. The former

---

[1] Defendants make much of the language in Cheek v. United States that a taxpayer may challenge the government's interpretation of the tax laws by filing for a refund and appealing a denial to the courts. See Cheek, 498 U.S. at 206. An important qualification, made throughout the passage, however, is that a taxpayer also must be willing "to accept the outcome." Id.; see also United States v. Willie, 941 F.2d 1384, 1391-92 (10th Cir. 1991) (discussing parameters of good faith belief as a defense to willfulness and explaining that mere disagreement with a known legal duty is not a defense). Regardless, Cheek simply does not address any right to enlist and prepare returns on behalf of others, as alleged in this case.

necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." Hollywood Motor Car Co., 458 U.S. at 269 (citation omitted). Accordingly, First Amendment defenses like those asserted here are adequately safeguarded by review after any adverse final judgment. See, e.g., United States v. Knapp, 25 F.3d 451, 457 (7th Cir. 1994); United States v. Kuball, 976 F.2d 529, 531-32 (9th Cir. 1992); United States v. Citrowske, 951 F.2d 899, 900-01 (8th Cir. 1991).

Defendants analogize their situation to the "unusual, perhaps unique confluence of factors" present in United States v. P.H.E., 965 F.2d at 855. P.H.E. is distinguishable. In that case, federal prosecutors engaged in a nationwide campaign against pornography. The P.H.E. holding rests upon a finding that this campaign was "designed to use the burden of repeated criminal prosecutions to chill the exercise of First Amendment rights." Id. at 855. A review of the record confirms that, at this stage, Defendants have made no such showing. Cf. Pleasant v. Lovell, 974 F.2d 1222, 1233 (10th Cir. 1992) (no evidence "that [governmental] defendants' motive was to harass or disrupt the NCBA in any legal political pursuits"). Thus, no factual predicate exists for the invocation of P.H.E.

Reliance upon Bender v. Clark, 744 F.2d 1424 (10th Cir. 1984), is also unavailing. Bender involved an appeal from a district court's order remanding a

-6-

case to an administrative agency. The court decided that the order was neither a final judgment nor collateral, but that principles of justice mandated prompt review. "[I]n the unique instance where the issue is not 'collateral' but justice may require immediate review, a balancing approach should be followed to make this jurisdictional decision." Id. at 1427. In this case, immediate review is unnecessary since the rights contended for are adequately protected by appeal after any adverse final judgment.

APPEAL DISMISSED.