**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

DANUEL DEAN QUAINTANCE,
MARY HELEN QUAINTANCE, and
JOSEPH ALLEN BUTTS,

        Defendants - Appellants,

and

TIMOTHY JASON KRIPNER,

        Defendant.

Nos. 07-2137, 07-2140

and 07-2143

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CR-06-538-JH)**

---

John F. Robbenhaar, Albuquerque, New Mexico, for Defendants-Appellants.

Terri J. Abernathy, Assistant United States Attorney (Larry Gomez, United States Attorney, with her on the brief), Las Cruces New Mexico, for Plaintiff-Appellee.

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

Defendants Joseph Allen Butts, Danuel Dean Quaintance, and Mary Helen Quaintance were indicted for conspiracy to possess and possession of marijuana with intent to distribute.[1]  The defendants moved to dismiss the indictment, arguing the prosecution constituted a substantial burden on the exercise of their religion in violation of the Religious Freedom Restoration Act ("RFRA").  42 U.S.C. §§ 2000bb–2000bb-4.  The district court denied the motion and granted the government's motion in limine barring the defendants from raising a RFRA defense at trial.  The defendants filed these interlocutory appeals.[2]  We hold the defendants have not asserted a valid right not to be tried under the collateral order exception to the final judgment rule.  *See* 28 U.S.C. § 1291.  We therefore **DISMISS** the appeals.

## I.  Background

The defendants were charged in a two-count indictment with conspiring to possess and actual possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  In their motion to dismiss the indictment, the defendants argued they are members of the Church of Cognizance and sincerely believe cannabis is a deity and sacrament essential to the practice of

---

[1]Co-defendant Timothy Jason Kripner is not a party to this appeal.

[2]The defendants each filed a notice of appeal.  This court consolidated those appeals for briefing purposes only.  The defendants participated in joint briefing and assert the same arguments in their appeals.

their religion.  The defendants further argued that this enforcement of the Controlled Substances Act is contrary to RFRA because it substantially burdens their free exercise of religion, without furthering a compelling government interest.

The district court, after conducting a three-day evidentiary hearing on the motion, determined the defendants had not established the existence of a sincerely held religious belief.  It therefore denied the motion to dismiss the indictment.  It also denied the defendants' motion to reconsider its decision.  The parties filed cross motions in limine, the defendants moving for an order allowing them to present a RFRA defense at trial and the government arguing such evidence should not be presented.  The district court denied the defendants' motion and granted the government's motion.  The defendants each filed a notice of appeal from the district court's orders denying the motion to the dismiss, denying the motion to reconsider, and granting the government's motion in limine.  The government filed a motion to dismiss the appeals for lack of jurisdiction.

## II.  Discussion

This court has jurisdiction to hear appeals from "final decisions of the district court."  28 U.S.C. § 1291.  The government argues the appeals must be dismissed for lack of jurisdiction because there is no final judgment of the district court and the orders appealed do not meet the requirements of the collateral order doctrine.  The defendants acknowledge the interlocutory nature of their appeals,

but contend their claim falls under the collateral order exception to the final judgment rule.

The collateral order doctrine encompasses only a small class of cases "that 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mesa Oil, Inc. v. United States*, 467 F.3d 1252, 1254 (10th Cir. 2006) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Three requirements must be met before this court can entertain an appeal under this exception: "[1] the order must conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Generally, an order is effectively unreviewable under the third prong of this test "only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 498-99 (1989) (quotations omitted). Because we conclude the orders appealed here cannot satisfy this third requirement, we will not consider the first two prongs of the test. *See Mesa Oil*, 467 F.3d at 1255.

A right not to be tried "rests upon an explicit statutory or constitutional guarantee that trial will not occur." *Midland Asphalt Corp. v. United States*, 489

-4-

U.S. 794, 801 (1989). "Because of the compelling interest in prompt trials, the [Supreme] Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." *Flanagan v. United States*, 465 U.S. 259, 265 (1984). This court has held there is no right not to be tried for ordinary speech protected by the First Amendment because there is no such statutory or constitutional guarantee. *United States v. Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999). In so holding we relied upon "'the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges.'" *Id.* (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982)). We concluded "First Amendment defenses like those [at issue in *Ambort*] are adequately safeguarded by review after any adverse final judgment." *Id.* at 1172.

The defendants claim the orders at issue here are effectively unreviewable because RFRA and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5, codify a First Amendment right not be tried. They argue a First Amendment free exercise right is lost if not vindicated before trial because the act of going to trial may chill the exercise of the right and, if the defendants are convicted, that loss of liberty can never be remediated. This court must "view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994).

-5-

Like the defendants in *Ambort*, the defendants here have asserted only a First Amendment defense rather than a right not to be tried. They have pointed to no explicit guarantee in the Constitution or in statute indicating such a right attaches to their free exercise claims. To the contrary, both RFRA and RLUIPA explicitly state they may be used as a *defense* in a judicial proceeding. 42 U.S.C. § 2000bb-1 ("A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding . . . ."); 42 U.S.C. § 2000cc-2(a) ("A person may assert a violation of this chapter as a claim or defense in a judicial proceeding . . . ."). Unlike the scenario in *United States v. P.H.E., Inc.*, where this court considered the chilling effect a prosecution had on a First Amendment right, the defendants here have not shown "substantial evidence of an extensive government campaign . . . designed to use the burden of repeated criminal prosecutions to chill the exercise of First Amendment rights." 965 F.2d 848, 855 (10th Cir. 1992) (noting the case presented "an unusual, perhaps unique confluence of factors"). Further, were we to conclude that the possibility of wrongful imprisonment rendered an order immediately reviewable, the collateral order exception would certainly swallow the final judgment rule.

The rights asserted here can be vindicated by appellate review after the district court has entered a final judgment. We therefore hold the district court's orders are not reviewable under the collateral order doctrine.

## III. Conclusion

For the reasons stated above, this court grants the government's motion and **DISMISSES** the appeals for lack of jurisdiction.