**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARY HELEN QUAINTANCE;
DANUEL DEAN QUAINTANCE,

Defendants-Appellants.

Nos. 09-2015 & 09-2016
(D.C. No. 2:06-CR-00538-JCH)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY, O'BRIEN**, and **HOLMES**, Circuit Judges.

_____

In these consolidated cases, defendants Mary Helen Quaintance and Danuel

Dean Quaintance appeal a district court decision denying their requests for release

pending appeal of their convictions for possession with intent to distribute

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

marijuana and conspiracy to possess marijuana, in violation of 21 U.S.C. § § 841 and 846. We affirm.

I.

The Quaintances, who are husband and wife, were arrested near Lordsburg, New Mexico, in connection with the transportation and possession of large quantities of marijuana. They asserted that their activities were protected by the United States Constitution because they were founders of the Church of Cognizance, which advocates the religious use of marijuana.

After their indictment, the Quaintances moved to dismiss, arguing that the prosecution constituted a substantial burden on the exercise of their religion in violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4.[1] The district court held a three-day hearing on the issue, denied their motion, and granted the government's motion in limine barring defendants from raising a RFRA defense at trial. *United States v. Quaintance*, 471 F. Supp. 2d 1153 (D.N.M. 2006); *see also United States v. Quaintance*, 523 F.3d 1144, 1145 (10th Cir. 2008) (dismissing interlocutory appeal of district court ruling). Later, the district court rejected their argument that the prosecution

---

[1]     The Supreme Court has held that, insofar as RFRA applies to the states, it does not pass constitutional muster as a valid exercise of Congress's power under the Fourteenth Amendment. *See City of Boerne v. Flores*, 521 U.S. 507, 536 (1997). This holding has no affect on the Quaintances' case.

should be dismissed because the indictment improperly classified marijuana as a Schedule I substance.

The Quaintances then entered pleas of guilty, conditioning their pleas on "the right to appeal any and all issues litigated through the pendency of the proceedings." App. at 346. The district court sentenced Ms. Quaintance to 24 months in prison and Mr. Quaintance to 64 months in prison. It denied the Quaintances' joint motion for release pending appeal.

Consistent with their plea agreements, the Quaintances appealed the district court's RFRA ruling and also its rejection of their argument concerning the proper classification of marijuana. A briefing schedule has been set in Mr. Quaintance's direct criminal appeal, but not in Ms. Quaintance's case. *See United States v. Quaintance,* Nos. 09-2013, 09-2014.

In the instant matters, they appeal the district court's denial of their motion for release pending appeal. The Quaintances have remained free on bond throughout the pendency of their cases and were permitted to self-surrender to begin serving their sentences. Presently, Ms. Quaintance is required to report to her designated place of confinement on March 11, 2009. Mr. Quaintance has not yet received his notice to surrender.

II.

We review the district court's detention order de novo as to mixed questions of law and fact, giving due deference to the court's purely factual

findings. *See United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997). By statute, the Quaintances must "be detained" pending appeal unless they meet the conditions of 18 U.S.C. § 3143(b)(1)(B). For release, they must establish that their appeals are not for delay and raise a substantial question of law or fact likely to result in reversal of their convictions, a new-trial order, or a reduced sentence. *Id.*[2] In addition, they must "clearly show[ ] that there are exceptional reasons why [their] detention would not be appropriate." 18 U.S.C. § 3145(c).

The Quaintances assert that their appeals meet the statutory criteria. In particular, they contend that their RFRA and marijuana-scheduling issues raise substantial questions of law and fact. A substantial question is a "close question or one that very well could be decided the other way." *United States v. Affleck,* 765 F.2d 944, 952 (10th Cir. 1985) (quotations omitted). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis." *Id.*

"[A] prima facie claim under RFRA" requires proof of "(1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." *Kikumura v. Hurley,* 242 F.3d 950, 960 (10th Cir. 2001). To evaluate the religious nature of the Quaintances' beliefs, the district court relied on this court's decision in *United States v. Meyers*, 95 F.3d 1475 (10th Cir. 1996). Similar to the Quaintances, the *Meyers* defendant asserted that the "Church of

---

[2]    Because there has been no finding or suggestion that the Quaintances are either flight risks or dangers to others or the community, the conditions of 18 U.S.C. § 3143(b)(1)(A) are not at issue in this appeal.

Marijuana," which he had founded, required "him to use, possess, and distribute marijuana for the benefit of mankind and the planet earth" and that the drug laws that "prohibit[ed] this religiously motivated conduct, unduly burden[ed] his constitutional right to free exercise of religion." *Id.* at 1480. In that case, this court agreed with and adopted the district court's "thorough analysis of the indicia of religion." *Id.* at 1484.[3] The result of the analysis was that defendant's "beliefs more accurately espouse[d] a philosophy and/or way of life rather than a 'religion.'" *Id.*

In this matter, the district court unquestionably examined the evidence in light of the *Meyers* test and determined that the Quaintances' beliefs did not qualify as a religion. It also made a finding of fact that the Quaintances' beliefs were not sincere. *See Meyers*, 95 F.3d at 1482 ("Sincerity is a factual matter and, as with historical and other underlying factual determinations, we defer to the district court's findings, reversing only if those findings are clearly erroneous.")

The Quaintances argue, however, that "the *Meyers* decision does not constitute precedent mandating the test;" Aplt. Br. at 41, and a "district court cannot constitutionally determine whether [their] beliefs constituted a religion;"

---

[3]     The evaluative indicia include "Ultimate Ideas;" "Metaphysical Beliefs;" "Moral or Ethical System;" "Comprehensiveness of Beliefs;" and "Accoutrements of Religion," such as "Founder, Prophet, or Teacher," "Important Writings," "Gathering Places," "Keepers of Knowledge," "Ceremonies and Rituals," "Structure and Organization," "Holidays," "Diet or Fasting," "Appearance and Clothing," and "Propagation." *Meyers*, 95 F.3d at 1483-84.

*id.* at 40; *see also id.* at 41-45 (arguing that the definition of religion eludes the judicial system); and, in any event, the district court's findings were incorrect, *id.* at 45-49. They also question the district court's determination that their beliefs were not sincere.

The Quaintances' proposed appellate issues may rekindle debate on First Amendment considerations. *See Meyers*, 95 F.3d at 1492 (Brorby, J. dissenting) ("[I]f an individual makes a claim that a government law substantially burdens his or her sincere religious beliefs I would assume the validity of the religion without analyzing the tenets or practices of the religion to see if they fit some preconceived vision of what a religion is."). Nevertheless, *Meyers* establishes this court's approach to evaluating religious beliefs in the RFRA context. At this point, we cannot say that the Quaintances' RFRA arguments raise substantial questions of law or fact likely to result in reversal.

The Quaintances' second claim to a substantial question arises from their argument that the case should be dismissed because marijuana has medical uses and therefore does not meet the criteria for Schedule I drugs under the Controlled Substances Act. Although there is no Tenth Circuit case law directly on point, other circuits have refused to insert the judiciary into this debate. As the Eighth Circuit has noted, the courts "may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations" in this area. *United States v. White Plume*, 447 F.3d 1067, 1075 (8th Cir. 2006) (quotations omitted).

*See also United States v. Middleton*, 690 F.2d 820, 823 (11th Cir. 1982) ("The determination of whether new evidence regarding . . . the medical use of marijuana . . . should result in a reclassification of marijuana is a matter for legislative or administrative, not judicial, judgment.").  Thus, the district court's determination is consistent with the relevant case law and the issue does not raise a substantial question of law for purposes of  18 U.S.C. § 3143(b)(1).

Accordingly, the order denying the Quaintances' requests for release pending appeal is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM