# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3053

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 7, 2017
Filed: April 26, 2017

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury found Timothy Anderson guilty of one count of conspiracy to distribute heroin and one count of possessing heroin with the intent to distribute. Anderson appeals his conviction on the ground that the district court[1] erroneously denied his

_____

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

pretrial motion to dismiss the indictment, which alleged that the prosecution violated the Religious Freedom Restoration Act ("RFRA"). *See* 42 U.S.C. § 2000bb-1. For the following reasons, we affirm.

I.

In May 2013, a grand jury indicted Anderson on one count of possession with intent to distribute heroin and one count of conspiracy to distribute heroin. *See* 21 U.S.C. §§ 841(a)(1), 846. Anderson filed a pretrial motion seeking dismissal of the indictment. In this motion, Anderson admitted that he distributed heroin, but he argued that the Government's decision to prosecute him under the Controlled Substances Act ("CSA") violated his free exercise rights under RFRA. Anderson alleged that he "is a student of Esoteric and Mysticism studies" who created "a religious non-[p]rofit" to distribute heroin to "the sick, lost, blind, lame, deaf, and dead members of Gods' [sic] Kingdom." As such, he argued that the Government's decision to prosecute him violated RFRA because his practice of distributing heroin was "an exercise of [his] sincerely held religious belief."

The district court denied Anderson's pretrial motion. The court did not conduct an evidentiary hearing to determine the sincerity of Anderson's religious beliefs. *See United States v. Quaintance*, 523 F.3d 1144, 1145 (10th Cir. 2008) (affirming dismissal of RFRA defense where the district court, "after conducting a three-day evidentiary hearing on the motion, determined that the defendants had not established the existence of a sincerely held religious belief"). Rather, the court assumed for purposes of ruling on the motion that Anderson's heroin distribution was an exercise of sincerely held religious beliefs and that the prosecution "substantially burdened" this "exercise of religion." *See* 42 U.S.C. § 2000bb-1(a). Nevertheless, the court held that the Government had shown that its prosecution of Anderson was both "in furtherance of a compelling governmental interest" and "the least restrictive means of furthering that compelling governmental interest." *See id.* § 2000bb-1(b).

Thus, the court denied Anderson's motion and prohibited him from presenting this defense to the jury during trial. The jury convicted Anderson on both counts, and he was sentenced to 324 months' imprisonment. Anderson now appeals, asserting that the district court erred in denying his motion to dismiss the indictment and in prohibiting him from presenting his RFRA defense to the jury.

## II.

"A person whose religious practices are burdened in violation of RFRA may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief." *United States v. Ali*, 682 F.3d 705, 709 (8th Cir. 2012) (quotations omitted). "RFRA, enacted in 1993, amended all federal laws, including criminal laws, to include a statutory exemption from any requirement that substantially burdens a person's exercise of religion unless that requirement is the least restrictive means to achieve a compelling government interest." *Id.* "[I]n a RFRA analysis, a rule imposes a substantial burden on the free exercise of religion if it prohibits a practice that is both sincerely held by and rooted in the religious beliefs of the party asserting the claim or defense." *Id.* at 710 (quotations omitted).

Here, the district court assumed without deciding that Anderson's practice of distributing heroin was an exercise of sincerely held religious beliefs and that the prosecution therefore substantially burdened his exercise of religion. We note that a reasonable observer may legitimately question how plausible it is that Anderson exercised a sincerely held religious belief by distributing heroin. Nevertheless, because the district court did not hold an evidentiary hearing or make any factual findings regarding Anderson's beliefs, we likewise will assume without deciding that the prosecution substantially burdened an exercise of religion. We review *de novo* the remaining questions of whether the prosecution (1) furthered a compelling governmental interest and (2) was the least restrictive means of furthering that compelling governmental interest. *See id.* at 708; 42 U.S.C. § 2000bb-1(b).

The Government first argues that it has a compelling interest in regulating heroin distribution because heroin is listed under Schedule I of the CSA and, as such, it has a high potential for abuse, has no currently accepted medical use in treatment, and lacks accepted safety for use under medical supervision. *See* 21 U.S.C. § 812(b)(1)(A)-(C). However, as the Supreme Court explained in *Gonzales v. O Centro Espirita Beneficiente Uniao do Vegetal*, "the Government's mere invocation of the general characteristics of Schedule I substances, as set forth in the Controlled Substances Act, cannot carry the day." 546 U.S. 418, 432 (2006). Rather, "RFRA requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened." *Id.* at 430-31 (quoting 42 U.S.C. § 2000bb-1(b)).

In *O Centro*, the Government sought to enforce the CSA against a religious group that used hoasca, another Schedule I drug, for sacramental purposes. The Court noted that "[f]or the past 35 years, there has been a regulatory exemption for the use of peyote—a Schedule I substance—by the Native American Church" and "[e]verything the Government says about the DMT in hoasca . . . applies in equal measure to the mescaline in peyote." *Id.* at 433. Thus, the Court concluded that the Government had not demonstrated a compelling interest in prohibiting the "circumscribed, sacramental use of hoasca" by this particular group. *See id.* at 432-33.

Arguably, we could distinguish *O Centro* on the basis that heroin simply is more dangerous than either hoasca or peyote. However, we need not do so. Rather, we can distinguish *O Centro* on the basis that the Government in this case has demonstrated a different compelling interest. Unlike in *O Centro*, the Government is not prosecuting Anderson for engaging in a "circumscribed, sacramental use" of heroin. *See id.* Instead, the Government is prosecuting Anderson for distributing heroin to others for non-religious uses.

Indeed, in *United States v. Christie*, the Ninth Circuit held that the Government had demonstrated a compelling interest in bringing a similar prosecution for distribution of marijuana. 825 F.3d 1048, 1054, 1057 (9th Cir. 2016). There, a married couple operated the "Hawaii Cannabis Ministry," which distributed cannabis to members in exchange for a "suggested donation price." *Id.* at 1052-53. Becoming a member was not difficult, and even minors could do so. *Id.* Further, ministry employees did not confirm that the people receiving cannabis were members, and they did not advise the recipients that the cannabis was for religious purposes only. *Id.* at 1054. Thus, the court held that "[t]he record in this case succeeds where the record in *O Centro* fell short" because the Government had "a compelling interest in mitigating the risk that cannabis from the Ministry will be diverted to recreational users." *Id.* at 1057.

Likewise here, Anderson does not even allege that the recipients of his heroin used it for their own religious purposes. Rather, he alleges only that his distribution allowed him to exercise his own religious beliefs.[2] Thus, we have no difficulty concluding that prosecuting Anderson under the CSA would further a compelling governmental interest in mitigating the risk that heroin will be diverted to recreational users. *See id.* ("Such illegal, non-religious use, by definition, finds no protection under RFRA.").

We also have no difficulty concluding that the Government has chosen the least restrictive means necessary to further that interest. As with the compelling interest test, RFRA "requir[es] the Government to demonstrate that application of a substantial burden to *the person* . . . is the least restrictive means of furthering [that]

---

[2]In fact, the trial evidence established that Anderson supplied heroin to multiple co-conspirators who sold it to their own customers, with no evidence of religious concerns or uses.

-5-

compelling governmental interest." *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2780 (2014) (quotations and alterations omitted). Here, as in *Christie*, the Government could not "achieve its compelling interest to the same degree while exempting [Anderson] from complying in full with the CSA." *See Christie*, 825 F.3d at 1061. Indeed, we see no way for the Government to accommodate Anderson while still furthering its interests. Anderson "cannot simply point to other groups who have won accommodations for the sacramental use of peyote and hoasca . . . because the government has shown material differences between those particular groups and their sacramental practices, on the one hand, and [Anderson] and [his] religious exercise, on the other." *See id.* Specifically, Anderson's religious exercise involves heroin *distribution*. Moreover, Anderson has indicated that he will not stop distributing heroin under any circumstances, stating that he "does not want to compromise his faith in any way." As such, we are convinced that prosecuting Anderson under the CSA represents the least restrictive means for the Government to further its compelling interest in mitigating diversion of heroin to recreational users. Therefore, we reject Anderson's RFRA defense.

Furthermore, we reject Anderson's argument that he was entitled to present his RFRA defense to the jury. Because the district court concluded that prosecuting Anderson under the CSA was the least restrictive means to further a compelling governmental interest, it was proper for the court to reject Anderson's RFRA defense as a matter of law and to prohibit him from raising it again at trial. *See In re Young*, 82 F.3d 1407, 1419 (8th Cir. 1996) (noting that "compelling governmental interest" and "least restrictive means" inquiries are "questions of law"), *vacated & remanded sub nom. Christians v. Crystal Evangelical Free Church*, 521 U.S. 1114 (1997), *reinstated in relevant part*, 141 F.3d 854, 856 (8th Cir. 1998); *United States v. Brown*, No. 95-1616, 1995 WL 732803, at *2 (8th Cir. 1995) (unpublished) (affirming district court's ruling that defendant could not prevail under RFRA and that he may not present evidence on this issue at trial).

## III.

For the foregoing reasons, we affirm.

_____