NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 21-1538

————————————

UNITED STATES OF AMERICA

v.

JOSE HERNANDEZ-VASQUEZ,

Appellant

————————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4-17-cr-00175-001)
District Judge:  Honorable Matthew W. Brann

————————————

Argued on October 19, 2022

Before: GREENAWAY, JR., MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed April 24, 2023)


Ronald A. Krauss                    (**ARGUED**)
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101

                  Counsel for Appellant


Geoffrey W. MacArthur             (**ARGUED**)
Office of United States Attorney
240 West Third Street

Suite 316
Williamsport, PA 17701

Counsel for Appellee

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

Jose Hernandez-Vasquez contends that the District Court erred in denying his motion to dismiss his indictment. The government asserts that we lack appellate jurisdiction to review this appeal. For the reasons below, we agree with the government and will grant its motion to dismiss.

**I.**

While incarcerated, Hernandez-Vasquez was indicted for first-degree murder for allegedly murdering his cellmate. After a competency evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the District Court determined that Hernandez-Vasquez was not competent to stand trial at that time due to mental disease or defect. Under § 4241(d), he was committed to the U.S. Attorney General's custody for further evaluation and treatment.

After Hernandez-Vasquez completed the sentence that he was serving, the Bureau of Prisons filed a civil commitment action under 18 U.S.C. § 4246 in the Western District of Missouri, where he was physically located. Determining that he suffered from a mental

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

disease or defect that created substantial risk of injury to others, the court had him civilly committed.

Shortly after that, the District Court granted the government's motion to medicate Hernandez-Vasquez involuntarily to try to restore his competency. Hernandez-Vasquez's treating physician had determined that he was unlikely to be restored to competency in the foreseeable future.

Hernandez-Vasquez then moved to dismiss the indictment for first-degree murder. He argued that "because he is unlikely to be restored to competency in the foreseeable future, continuing to hold him under indictment violates his due process rights."[1] The District Court denied the motion, concluding that "§ 4241 does not mandate dismissal of the indictment, and Hernandez-Vasquez's due process rights have not been infringed."[2] This appeal followed. The government moved to dismiss for lack of appellate jurisdiction.

## II.[3]

We lack jurisdiction to review this appeal. Appellate jurisdiction is generally limited to final judgments.[4] Although there are circumstances in which an appellate court can review an order before final judgment, this appeal is not one of them.

---

[1] Appx. 5.

[2] Appx. 6.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. The government argues that we lack jurisdiction on appeal. We review de novo "an argument alleging a lack of appellate jurisdiction." *Doe v. College of New Jersey*, 997 F.3d 489, 493 n.3 (3d Cir. 2021) (quoting *United States v. Mitchell*, 652 F.3d 387, 391 (3d Cir. 2011) (en banc)).

[4] 28 U.S.C. § 1291.

The Supreme Court first announced the collateral-order exception in *Cohen v. Beneficial Industrial Loan Corporation*[5]: A non-final order is appealable if it (1) would "conclusively determine the disputed question," (2) would "resolve an important issue completely separate from the merits of the action," and (3) is "effectively unreviewable on appeal from a final judgment."[6] The Supreme Court has stressed that this exception is not only limited in nature but is also applied "with the utmost strictness" in criminal cases.[7] The Court has recognized only a few circumstances in criminal cases that fall within this exception: the denial of motions to dismiss an indictment under the Double Jeopardy Clause,[8] to reduce bail,[9] and to dismiss an indictment under the Speech and Debate Clause.[10] These limited exceptions all satisfy the third *Cohen* prong because they involve a "'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."[11] In these circumstances, the beginning of trial would destroy the "practical value" of the right.[12] For example, "[t]he right guaranteed by the Double Jeopardy Clause is more than the right not to be convicted in a second prosecution[,] . . . it is [also] the right . . . not to

---

[5] 337 U.S. 541 (1949).

[6] *United States v. Wright*, 776 F.3d 134, 140 (3d Cir. 2015) (quotations omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)); *see also Abney v. United States*, 431 U.S. 651, 658 (1977) (citing *Cohen*, 337 U.S. at 546).

[7] *Wright*, 776 F.3d at 140 (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984)).

[8] *Id.*

[9] *Flanagan*, 465 U.S. at 266 (citing *Stack v. Boyle*, 342 U.S. 1 (1951)).

[10] *Id.* (citing *Helstoski v. Meanor*, 442 U.S. 500 (1979)).

[11] *United States v. MacDonald*, 435 U.S. 850, 861 (1978); *Flanagan*, 465 U.S. at 265–66.

[12] *Flanagan*, 465 U.S. at 266 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 266(1982)).

be tried for the offense."[13]  In other words, the value of being protected from a second prosecution would be irreparably destroyed the moment the trial began.[14]

We recognize that Hernandez-Vasquez has a right not to be tried due to his incompetency to stand trial.  The District Court's order, however, does not violate this right, as it is protected through his commitment under § 4246.  He will face trial only if his competency is restored.  Should that occur, he will no longer have a right not to be tried.  Hernandez-Vasquez argues that the appealable error exists *because* the trial is likely to never happen.[15]  The unlikeliness of trial, however, does not mean that Hernandez-Vasquez's rights have been violated.

Hernandez-Vasquez argues that we should find that he has a right to be free from indefinite indictment as it would otherwise violate due process.  We have yet to consider such an argument.  Hernandez-Vasquez asserts that permitting the indefinite indictment forces him to suffer continuously the emotional turmoil and physical stress that facing trial produces.  We are not persuaded.  Whether or not Hernandez-Vasquez is indicted, he would

---

[13] *Id.* (citing *Abney*, 431 U.S at 660–61).

[14] The Supreme Court has distinguished challenges involving the "right not to be tried [from] a right whose remedy requires the dismissal of charges." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989) (quotations omitted) (quoting *Hollywood Motor Car Co.*, 458 U.S. at 269).  The former "rests upon an explicit statutory or constitutional guarantee that trial will not occur." *Id.*  The Court has named several examples of the latter:  challenges involving a denial of motions alleging violations of grand jury secrecy, *id.*, the right to a speedy trial, *MacDonald*, 435 U.S. at 857, vindictive prosecution, *Hollywood Motor Car Co.*, 458 U.S. at 264, and sufficiency of the indictment, *Abney*, 431 U.S. at 663.  Because these circumstances do not involve a right not to be tried, they do not satisfy the third *Cohen* prong and thus fall outside the collateral-order exception.

[15] Appellant Br. at 14–15.

still face the threat of trial because the crime for which he is charged, first-degree murder, has no statute of limitations. In other words, if we were to dismiss the indictment, there would be nothing to stop the government from re-indicting Hernandez-Vasquez tomorrow—or even fifty years from now. Thus, dismissing the indictment would not alleviate the threat that he identifies as the source of his turmoil. Accordingly, we conclude that the District Court's refusal to dismiss the indictment does not violate Hernandez-Vasquez's right to due process.

## III.

We conclude that Hernandez-Vasquez's appeal does not fall under the collateral order exception. We will therefore grant the government's motion to dismiss.